WOLFF & BROTHER *vs.* THE MARIETTA PAPER MANUFACTURING COMPANY.

1. A statute which requires a summons to bear date fifteen days before the time of trial, (acts of 1876, pamph., 37) means that there shall be at least fifteen days from the date of the summons to the time of trial—not that there shall be that number precisely and no more.
2. It is not indispensable to the validity of the judgment of a justice court, that it should be rendered upon the trial day named in the summons. When, at the request of the defendant, the presiding justice continues the case to a given day, though it be more than ten days, his jurisidiction is not lost. If, after procuring such continuance, the defendant fails to attend at the time appointed, the justice may proceed to a hearing on that day, or adjourn over until the next day, and then proceed.

Justice Courts. Summons. Time. Judgments. Before Judge GRICE. Bibb Superior Court. October Adjourned Term, 1877.

The Manufacturing Company brought suit against Wolff & Brother on an open account for $25.00, in the justice court of the 716th district, G. M. The summons was dated July 26th, 1877, and returnable on the 14th of the following month. On that day William Wolff, one of the defendants,

appeared without counsel, exhibited his books to the court and denied the justness of the claim. Whereupon the case was, at his request, continued to September 4th. On that day neither of the defendants appeared, and the court adjourned, at the request of counsel for plaintiff, until the next day. On September 5th, without any notice to defendants, the court rendered judgment against them. To the execution based on this judgment, the defendants filed an affidavit of illegality on the following grounds :

1. Because the summons in the cause which resulted in said execution, bore date more than fifteen days before the trial, contrary to the act of February 23d, 1876.

2. Because the judgment was not rendered on the day to which the summons was returnable.

3. Because the case was continued from August 14, 1877, to September 4th, following, a period more than ten days, the same not being for providential cause.

4. Because on said 4th of September the cause was not tried, but without notice to defendants, was further continued, without providential cause, to September 5, 1877, on which day the judgment was rendered.

The illegality was dismissed by the justice. On *certiorari* to the superior court his ruling was affirmed, and Wolff & Brother excepted.

WASHINGTON DESSAU, by brief, for plaintiffs in error, cited Code §4155 ; 59 *Ga.*, 532, 603.

R. F. LYON ; R. W. PATTERSON, for defendant, cited Code, §4141 ; acts of 1876, p. 38 ; 57 *Ga.*, 156, 117 ; Code, §3335 ; 27 *Ga.*, 252 ; Code, §§3671, 4155 ; Dwarris on Stat., 222.

BLECKLEY, Justice.

1. In requiring the summons to bear date fifteen days before the time of trial, the statute merely fixes a minimum. It does not mean that the interval may not be greater. Certainly, it cannot be less.

2. The general rule is, that a case pending before a justice of the peace is to be tried at the time designated in the summons, but continuances are provided for. Code, §4154. When a continuance is granted it is to be for such reasonable time, not exceeding ten days, as the justice of the peace may appoint. Code, §4154. The letter of the law does not provide for a continuance beyond ten days, but to extend it is a mere error, and does not put the case out of court or destroy the jurisdiction. At least, no such effect is produced when the continuance is granted, as in the present case, at the request of the party who afterwards complains. Consent cannot give jurisdiction, but when jurisdiction is once obtained, there may be the same waivers and consents in justice courts as in other courts. The first continuance was after appearance by one of the partners, (the defendants in the summons) and. was granted on the day designated in the summons for trial, and took place at his request. The plaintiff may have had reason to complain of it, but it is difficult to see how the defendants could complain with the least show of reason. The second continuance was for one day only, and was rather matter of favor to the defendants, as neither of them appeared. It was giving them one more day. Surely, they were not hurt by it. There was no error.

Judgment affirmed.