## WARREN *vs.* WILSON & CREEKMUR.

1. The answer of the justice of the peace untraversed, will be alone considered by the superior court on the hearing of a *certiorari,* no motion being made for a further return.
2. Where the only issue presented therein is that of fraud or no fraud on the part of claimant in an alleged purchase of property attached, and the evidence, though conflicting, authorized the finding of the justice of the peace. and the affirmance thereof by the superior court, this court will not interfere.

Justice Courts. *Certiorari.* Practice in the Superior Court. New trial. Before Judge HILLYER. Fulton Superior Court. September Term, 1878.

On July 19th,1876,Wilson & Creekmur sued out an attachment against S. P. Warren, which was levied on certain personal property, and Mrs. Warren (his step-mother) claimed. On the trial, claimant insisted that she was a *bona fide* purchaser of the property, having bought on July 18th. Plaintiff insisted that the sale was fraudulent and for the purpose of avoiding the payment of the debt; and they showed certain statements, admissions, etc., in support of this position. The justice presiding found the property subject. Claimant sued out a *certiorari,* and alleged three errors in admitting evidence. The answer of the justice to the writ contained nothing but the evidence which he remembered to have been introduced in the case before him. It did not contain two of the three pieces of evidence mentioned in the petition; nor did it state any of the rulings made by him. It was not traversed, nor was any motion made for fuller answer.

The court dismissed the *certiorari,* and claimant excepted.

JOHN A. WIMPY, for plaintiff in error.

E. A. ANGIER, for defendants.

JACKSON, Justice.

In this case the answer of the justice of the peace appears to have been alone considered by the court below. If the plaintiff in *certiorari* was not satisfied with it, he had two remedies, to-wit: One to traverse it; the other to move for a fuller return. Neither being done, we cannot see how the court could do otherwise than look to the answer or return of the justice alone. Any other course would enable the plaintiff in *certiorari* to put what he chose in it, and have it considered as true unless the defendant moved to have the return fuller or traversed it. But he is not the movant, and may fold his hands and let his adversary show the error he complained of by the answer of the magistrate.

2. Looking at the return of the justice, but one question is in the case, and that fraud or no fraud. On that issue, while the evidence is conflicting, there is enough to show that the claimant knew of her step-son's indebtedness, and bought to save the property and delay and hinder his creditors.

The justice of the peace having so found, and the superior court having sustained the finding, the case is like the verdict of a jury and the refusal of the court below to interfere therewith.

Therefore, it must be a strong case which would authorize us in our view of duty as a reviewing court to reverse the ruling.

Judgment affirmed.