FIELD v. PEEL.

Where a case has been continued in a justice's court, a judgment rendered during the term at which the continuance is granted is erroneous, but not absolutely void ; and hence a claimant to a fund brought into court by a summons of garnishment issued on such judgment can not question the validity of the judgment, so long as the same is acquiesced in by the party against whom the judgment was entered.

Argued February 6,—Decided March 25, 1905.

Certiorari.    Before Judge Roan.    Fulton superior court.    April 23, 1904.

Summons of garnishment was issued on a judgment rendered by a justice of the peace, and a claim to a fund thus brought into court was filed by Peel.    The plaintiff introduced in evidence the justice's docket.    The docket showed that at the April term, 1900, suit on an account was brought by Field against the Atlanta Horse Exchange.    The following entry appeared on the docket: "Bill of particulars demanded, and con't."    The docket further

showed that on May 1, 1900, judgment was rendered in favor of the plaintiff. The claimant moved to dismiss the garnishment proceeding, on the ground that the judgment on which it was based was void. The motion was sustained. This was complained of by the plaintiff's petition for certiorari, to the overruling of which he excepted.

*W. W. Haden* and *R. O. Lovett*, for plaintiff.
*Smith, Hammond & Smith*, for defendant.

COBB, J. A court having jurisdiction of the subject-matter of a controversy, and having acquired jurisdiction of the parties, has authority to render a final judgment in the case. The proposition just stated is in its nature axiomatic; but a court having jurisdiction both of the parties and subject-matter may, before final judgment is entered, lose jurisdiction of either or both. The controlling question in the present case is whether the granting of a continuance by a justice of the peace and an entry to that effect on his docket operate to oust the jurisdiction of that court until the time arrives to which the case has been continued. A court of general jurisdiction has authority to vacate an order of continuance, and when such a court renders a final judgment in the case after the entry of a continuance and before the time arrives to which the case has been continued, the presumption will be that the order of continuance has been duly vacated; and the judgment is therefore not void. A justice's court is a court of limited jurisdiction, and presumptions in favor of its judgments are not allowed to the same extent that they are in cases of judgments by courts of general jurisdiction. *Gray* v. *McNeal*, 12 *Ga.* 424; *White* v. *Mandeville*, 72 *Ga.* 705, 707; *Williams* v. *Sulter*, 76 *Ga.* 356; *Shearouse* v. *Wolf*, 117 *Ga.* 426. It has been held, however, that where a judgment was rendered in a justice's court on a day other than the first day of the term, nothing else appearing, there would be a presumption that the court sat from day to day in accordance with the law. *Levadas* v. *Beach*, 117 *Ga.* 178. There are numerous cases, in other jurisdictions, to the effect that an order of continuance in a justice's court ousts the jurisdiction of the court, and that if a judgment is rendered before the date for trial fixed in the order of continuance this judgment amounts to a discontinuance of the case

and is a nullity. See 4 Enc. P. & P. 896. Little aid, however, is to be derived from these cases, for the reason that many of them are expressly based upon provisions of statutes regulating the practice in the particular States; and in others, where it is not distinctly stated, it is inferable that they are merely rulings constrained either by statute or local practice. In some of these cases the justice's court was not a court of fixed terms, but the term in each case was fixed by the date of the summons on which the defendant was cited to appear; and it was held necessary, under such a system, that some action should be taken by the court at the time fixed in the summons, or at the time to which the case was regularly postponed, in order to hold jurisdiction, and that the failure to act at such time would cause the court to lose jurisdiction of the parties, which could not be thereafter acquired in that case. From 1868 to 1877 the justice's court in Georgia was of this character. There were no regular, fixed terms. The summons fixed the term in each case, and while continuances could be granted, the statute expressly provided that no postponement could be granted for longer than ten days. Each case had its own term, and yet under this system it was held that where a case was continued a final judgment rendered in the case after the expiration of ten days, in the absence of the defendant, was not void but merely irregular. *Wolff* v. *Mfg. Co.*, 61 *Ga.* 463.

The justice's court is now a court of terms, which sits at fixed times and places, and has power to grant continuances. But these continuances are from term to term (Civil Code, § 4101), and not, as heretofore, from the day fixed in the summons to the time fixed by the justice. If the court has jurisdiction of the parties and of the subject-matter on the first day of the term, and the case stands for trial under the law at that time, it may render a final judgment at any time before the term adjourns, unless something has transpired which deprives it of jurisdiction either of the parties or of the subject-matter, or both. A continuance of the case does not oust the court of jurisdiction of either the parties or the subject-matter, without reference to whether the court be one of limited or of general jurisdiction. While an order of continuance may be in its nature a judgment, it belongs to that class of judgments usually designated as interlocutory orders, and has none of

the elements of a final judgment. A justice of the peace has no authority to set aside a final judgment rendered by him. *Doughty* v. *Walker*, 54 *Ga.* 595; *Bacon* v. *Jones*, 117 *Ga.* 498. But he has authority to vacate or set aside interlocutory rulings and orders made before final judgment is rendered. The entry of a final judgment terminates his jurisdiction of the controversy, but an entry of an interlocutory order does not have this effect, and such an order is subject to be vacated by him whenever sufficient reason is shown therefor. It therefore follows that when he renders a final judgment in a case at a time when he would ordinarily have authority to render such a judgment, and the only obstacle that might be interposed to the rendition of such judgment is an interlocutory order which he might have set aside, such judgment is not void, but merely irregular and subject to be set aside at the instance of the party against whom it is rendered, in some method authorized by law. But such judgment is binding upon the parties until reversed or set aside agreeably to law. This, however, is a right subject to be asserted by him, and can not be made available by a stranger to the judgment. While a claimant may attack a judgment which is sought to be enforced against property to which he claims title, such an attack is authorized only in cases where the judgment is a nullity, and he can not question the judgment for error or irregularity when the party to the judgment has acquiesced in it, notwithstanding an infirmity which would have been a good reason to reverse or set it aside at the instance of the defendant if he had moved in due time. Applying these principles to the case under consideration, the judgment in question was merely irregular and not void, and the claimant had no right to question its validity after the defendant had acquiesced therein.

*Judgment reversed. All the Justices concur.*