32501. ROBERSON *v.* FOWLER.

DECIDED OCTOBER 27, 1949.

*J. D. Godfrey, Casey Thigpen,* for plaintiff in error.
*E. W. Jordan,* contra.

MacIntyre, P. J. In his answer to the writ of certiorari the justice of the peace verified none of the material allegations of the petition for certiorari save that the case of Charles F. Fowler Jr., etc., plaintiff, against Bill Roberson, defendant, had been tried before him on June 25, 1948, and resulted in a judgment in favor of the plaintiff and against the defendant, and that the affidavit of illegality referred to and made a part of the petition for certiorari had been filed in his court on November 4, 1948, and had been dismissed on November 15, 1948. As, in the absence of exception to, or traverse of, the answer, the answer alone can be looked to to ascertain what occurred upon the trial in the court below (*Hopkins* v. *Southern Ry. Co.*, 110 *Ga.* 85 (1), 35 S. E. 307; *Warren* v. *Wilson & Creekmur*, 63 *Ga.* 372), the only question presented to the superior court for decision was whether or not the affidavit of illegality was properly dismissed on demurrer by the justice of the peace. The sole ground of the affidavit of illegality was, in substance, that the justice of the peace had abused his discretion in granting a continuance of the case and had erred in refusing to dismiss the case for lack of prosecution. Even if this ground had been a good one had certiorari been applied for in the first instance; that is, if the certiorari had been applied for, upon exception to the continuance and refusal to dismiss, at that time, nothing more being made to appear, it is not a proper ground of illegality. So far as the affidavit shows, no exception is taken to the trial of the case and the judgment on June 25, 1948, and in the absence of some proper showing that the judgment of June 25 was void, the court did not err in dismissing the affidavit of illegality. The statements in the affidavit of illegality even when taken with the admission of the justice of the peace in his answer to the writ of certiorari that the case had been tried on June 25, would not alter the case, for, nothing more appearing, there would be a presumption that the court sat from day to day in accordance with law. *Levadas* v. *Beach*, 117 *Ga.* 178 (43 S. E. 418); *Field* v. *Peel*, 122 *Ga.* 503 (50 S. E. 346). The justice of the peace did not err in dismising the illegality, and the consequent dismissal of the certiorari by the superior court was not erroneous.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*