The superior court did not err in dismissing and denying the certiorari for the reasons stated in the opinion.
 DECIDED OCTOBER 27, 1949.
This case is before this court upon exception to an order of the Superior Court of Washington County dismissing and denying certiorari. The petition for certiorari contains the following allegations: "1. On June 21, 1948, there came on to be tried in justice court of 97th district of said county, with Hon. E. C. May, justice thereof, then and there presiding, case of Charles F. Fowler Jr., trading as Fowler Auto Parts Company, as plaintiff, against Bill Roberson, as defendant. Defendant announced ready and insisted upon a trial. Plaintiff was not ready and had no legal excuse for not being ready. Plaintiff's attorney asked for a continuance of the case, it seems that he had not notified his client as to the time when the court would convene. 2. Said justice, over protest of defendant, continued said case until June 25, 1948, and refused to dismiss said case for lack of prosecution, on motion of defendant. 3. That upon said date, to wit: June 25, 1948, case proceeded to trial, after justice had plainly, palpably and flagrantly abused his discretion in not dismissing said case on June 21, 1948, for lack of prosecution, and upon said date of June 25, 1948, in vacation rendered a judgment in favor of plaintiff and against defendant for amounts sued for, and execution issued accordingly. 4. On *Page 249 
November 4, 1948, defendant made and filed, in said court an affidavit of illegality, after certain personal property of defendant had been levied upon under the judgment of fi. fa. issued in said case, a copy of said affidavit of illegality is hereto attached, identified as exhibit `A' and made a part hereof. On November 15, 1948, in said justice court, said affidavit of illegality came on for trial, however the court termed same a bill of illegality, but same justice entered a final judgment dismissing same, without a trial upon the merits thereof. Said final judgment, of said justice, being as follows: `Georgia, Washington County. It is the judgment of this court that the bill of illegality be dismissed and fi. fa. stand good. This November 15, 1948. E. C. May, J. P.' 6. That to final judgment of said justice, entered on November 15, 1948, in which said justice dismissed said affidavit of illegality, defendant, Bill Roberson, then and there excepted, here and now excepts and assigns said final judgment as error of both law and fact and contrary to law, and for more specific assignment of error, defendant says: (a) Affidavit of illegality should not have been dismissed, but should have been tried by a jury upon its merits, as when court on June 21, 1948, refused to dismiss said case for lack of prosecution, plaintiff being absent, without having any legal excuse at all, and refusal of said justice to dismiss said case was plainly, palpably and flagrantly an abuse of discretion. (b) Defendant was entitled to a jury trial upon the issues raised by said affidavit of illegality. (c) Defendant has not had his day in court on said affidavit of illegality. (d) Defendant has been denied due process of law. (e) Statement in said affidavit of illegality should have been taken as true and sufficient, as plaintiff did not deny same in writing. (f) Because defendant could not obtain advantage of said error in the court's failure to dismiss said case for lack of prosecution, prior to said judgment being rendered in favor of plaintiff. (g) Because it was error to dismiss said affidavit of illegality, as plaintiff had not traversed same. (h) Because said alleged trial on June 25, 1948, was void, as said court had no jurisdiction to continue his court from June 21, 1948, to June 25, 1948, but if the court had any authority to continue said case, the law demanded that it be continued for the term." The petition for certiorari was sanctioned and *Page 250 
the writ issued, and the justice of the peace made the following answer: "1. It is true that the case of Charles F. Fowler Jr., trading as Fowler Auto Parts Company, as plaintiff, against Bill Roberson, as defendant, was tried before the undersigned in said justice court on June 25, 1948, and that the parties to said case and their counsel were present and participated in said trial, and that judgment was rendered in favor of the plaintiff and against the defendant, and that execution issued accordingly. 2. It is true that said purported affidavit of illegality was filed with this court on November 4, 1948, and that on November 15, 1948, this court dismissed said illegality. The allegations of paragraph six of the application for writ of certiorari are denied." The affidavit of illegality contained the following allegations: "Personally appeared before me the undersigned Bill Roberson, who on oath says that a certain execution issued from the justice court of the 97th Dist., G. M., of Washington County in favor of Charles F. Fowler, trade name Fowler Auto Parts Co., and against Bill Roberson, and levied on the following property: [property described]; that upon the date the defendant was required to appear at said j. p. court and defendant Bill Roberson appeared upon the 21st day of June 1948, with his attorney ready to defend his case the plaintiff, Chas. F. Fowler Jr., trading as Fowler Auto Parts Co., was not in court when the case was called and the justice called his attorney in from the hall of the courthouse where Bill Roberson, through his attorney made a motion to dismiss the plaintiff and where said j. p., E. C. May, read the law which said if there is no answer filed to the suit, the same must be tried unless one of the parties has a legal excuse and the attorney for plaintiff, E. W. Jordan, said to the court that the only excuse he had was that his client was not there. Whereupon the j. p. said that he was going to carry same until the next court, even though he had read the law saying that he could not carry the case over, unless there was a legal excuse from one side or the other. The defendant excepted to this ruling and still excepts and will ever except and the same is proceeding illegality." Upon a hearing the certiorari was dismissed and denied by the Superior Court of Washington County.
In his answer to the writ of certiorari the justice of the peace verified none of the material allegations of the petition for certiorari save that the case of Charles F. Fowler Jr., etc., plaintiff, against Bill Roberson, defendant, had been tried before him on June 25, 1948, and resulted in a judgment in favor of the plaintiff and against the defendant, and that the affidavit of illegality referred to and made a part of the petition for certiorari had been filed in his court on November 4, 1948, and had been dismissed on November 15, 1948. As, in the absence of exception to, or traverse of, the answer, the answer alone can be looked to ascertain what occurred upon the trial in the court below (Hopkins v. Southern Ry. Co.,110 Ga. 85 (1), 35 S.E. 307; Warren v. Wilson Creekmur,63 Ga. 372), the only question presented to the superior court for decision was whether or not the affidavit of illegality was properly dismissed on demurrer by the justice of the peace. The sole ground of the affidavit of illegality was, in substance, that the justice of the peace had abused his discretion in granting a continuance of the case and had erred in refusing to dismiss the case for lack of prosecution. Even if this ground had been a good one had certiorari been applied for in the first instance; that is, if the certiorari had been applied for, upon exception to the continuance and refusal to dismiss, at that time, nothing more being made to appear, it is not a proper ground of illegality. So far as the affidavit shows, no exception is taken to the trial of the case and the judgment on June 25, 1948, and in the absence of some proper showing that the judgment of June 25 was void, the court did not err in dismissing the affidavit of illegality. The Statements in the affidavit of illegality even when taken with the admission of the justice of the peace in his answer to the writ of certiorari that the case had been tried on June 25, would not alter the case, for, nothing more appearing, there would be a presumption that the court sat from day to day in accordance with law. Levadas v. Beach,117 Ga. 178 (43 S.E. 418); Field v. Peel, 122 Ga. 503
(50 S.E. 346). The justice of the peace did not err in dismissing the illegality, and the consequent dismissal of the certiorari by the superior court was not erroneous.
Judgment affirmed. Gardner and Townsend, JJ., concur. *Page 252