## A. M. ARMSTRONG v. STATE.

No. A-7987. Opinion Filed July 31, 1931.
(2 Pac. [2d] 100.)

E. M. Clark and A. M. Armstrong, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter called the defendant, was convicted of assault and battery, and fined $100. Motion for new trial was filed, considered, overruled, and exceptions saved, and the case appealed to this court.

The testimony on behalf of the state, in substance, shows that Mrs. E. M. Clark, the mother-in-law of the defendant, was very ill in defendant's apartment; the prosecuting witness, Mrs. Tom Mitts, had rooms on the same floor where the defendant and his family were living; there were other nurses living in the second story of the building; during Mrs. Clark's illness the nurses who were living on the second floor of the building and were superintended by the prosecuting witness, Mrs. Mitts, insisted on playing the Victrola, which disturbed Mrs. Clark. The morning of the difficulty Mrs. Armstrong, the wife of the defendant, appealed to Mrs. Mitts and requested that she ask the other nurses not to make so much noise, for the reason that it disturbed her mother, who was quite ill.

Mrs. Mitts and Mrs. Armstrong were talking, and the defendant came out to where they were and asked Mrs. Mitts not to talk so loud, and took her by the arm or shoulder and led her further away from the door where Mrs. Clark was sick, in order to get the noise away from Mrs. Clark's door; he offered no violent treatment, and the testimony shows that no violence was used.

*o*

The defendant testifying relates the circumstances leading up to the time he went into the hall where Mrs. Armstrong and Mrs. Mitts were, and that he only took hold of her arm and asked her to walk around the hall for the purpose of getting the noise away from Mrs. Clark's door. The testimony clearly shows there was no violence intended.

The defendant has assigned several errors alleged to have been committed by the court in the trial of his case. The only error it is deemed necessary to consider is the second assignment:

"That the verdict is not sustained by the evidence and is contrary to the evidence."

Section 1760, C. O. S. 1921, defines assault as follows:

"An assault is any willful and unlawful attempt or offer with force or violence to do a corporal hurt to another."

Section 1761, C. O. S. 1921, defines a battery as follows:

"A battery is any willful and unlawful use of force or violence upon the person of another."

A careful examination of the testimony fails to show any willful or unlawful use of force or violence upon the person of the prosecuting witness. The acts of the defendant, as shown by the record, were not sufficient to sustain a conviction of assault and battery, as defined by the statute.

For the reasons stated, the judgment is reversed.

EDWARDS and CHAPPELL, JJ., concur.