## SON MIMS v. THE STATE.

No. 21280. Delivered November 27, 1940.
Rehearing Denied January 22, 1941.

The opinion states the case.

Cook & Russell, of Mt. Pleasant, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of cattle. The punishment assessed is confinement in the state penitentiary for a term of two years.

Appellant's first contention is that the evidence is insufficient to justify and sustain his conviction. The State's testimony,

briefly stated, shows that on or about the 18th day of October, 1939, J. G. and C. C. Connor had some cattle running on the range near Daingerfield in Morris County. Five head of the cattle which disappeared from the range were sold by appellant to Ira Parham and Bill Bixler who immediately carried them in a truck to the sales barn at Pittsburg where they were sold. One of said animals, a black heifer with a sore on each side of her neck, was sold to Mr. Christianberg, who resided near Quitman, where Mr. Connor recovered her. Esque Sterns testified that appellant and Ralph Bryson came to his home on Tuesday night, October 17th, and induced him to go with them and help them drive the five head of cattle into the lot or small pasture owned by appellant; that after appellant had sold the cattle he gave Sterns fifteen dollars for the services which he had rendered.

Parham testified that he purchased five head of cattle from appellant on the morning of October 18th. The description of the cattle purchased by him from appellant corresponded with that of the cattle which the Connor brothers had lost.

Appellant took the witness-stand and denied that he, together with Esque Sterns and Ralph Bryson stole the cattle in question. He asserted that he bought the cattle from Sterns for $45.00 and sold them the next morning to Parham and Bixler for $90.00. He further testified that Sterns told him on the preceding Saturday that he had inherited some cattle from his deceased parents which he desired to sell; that on Tuesday morning Sterns put the cattle in question in appellant's enclosure, at which time he purchased them from Sterns for $45.00. He said he knew that Sterns' parents had departed this life about four years ago.

At the conclusion of the testimony appellant requested a special peremptory instruction which the court declined to submit to the jury and to which ruling appellant then and there excepted. We see no error in the ruling complained of. Although Sterns was an accomplice and his testimony was not corroborated as to the actual taking of the cattle by himself, or Bryson and the appellant, yet, the uncontroverted testimony showed that appellant was found in the exclusive possession of recently stolen property, a circumstance from which a presumption of guilt arises and is sufficient to sustain the conviction. The rule was adopted by this Court many years ago and has been consistently followed. See Branch's Ann. Texas P. C., Sec. 2463; Roberts v. State, 17 Texas Cr. App. 82; Nix v. State, 136 Texas

Cr. R. 240. Appellant cites us to Fields v. State, 98 S. W. (2d) 209; Riley v. State, 139 S. W. (2d) 802, and many other cases as supporting his contention. It will be observed from a reading of the opinion in the case of Fields v. State, supra, that the accused was not connected with the burglary by any testimony except that of the accomplices. He was not found in possession of any of the recently stolen property taken from the burglarized premises. The case of Riley v. State, supra, is in all respects similar to that of Fields v. State, supra. In the present instance, we could eliminate from our consideration the testimony of the accomplice Sterns and there would still be sufficient evidence upon which the jury might base their conclusion of the appellant's guilt inasmuch as he was found in possession of recently stolen property.

The court, in his main charge, instructed the jury relative to the appellant's defensive theory. He also charged the jury that if they believed from the evidence or had a reasonable doubt thereof that Esque Sterns sold the cattle in question to the defendant, they should acquit him. This charge tersely presented the appellant's defensive theory, and if the jury had believed his testimony or entertained a reasonable doubt thereof, they would have acquitted him under the court's instruction.

By Bill of Exception No. 2 appellant complains of the following remark made by the District Attorney in his argument to the jury: "Gentlemen of the Jury: It might be that Esque Sterns is afraid to testify against Son Mims."

By Bill of Exception No. 3 appellant complains of the following remark made by the District Attorney: "Gentlemen of the Jury: Son Mims was in the lead to conspire to steal Mr. Connor's cattle from the time this thing begun."

With reference to the remark complained of in Bill No. 2, we desire to state that, in our opinion, the same fails to reflect reversible error. The district attorney did not state that Sterns was afraid to testify against Mims but merely said that it might be that he was afraid to testify against Mims. This statement on the part of the District Attorney may have been based upon the conduct of the witness as he appeared upon the witness-stand.

The matter complained of in Bill No. 3 was justified by the testimony of Sterns who said that appellant and Bryson came to his home at night-time and persuaded him to go with them to steal the cattle in question. This was the basis for the argu-

ment and the same was justified. According to Stern's testimony, appellant was in the lead; he was the moving factor, the instigator of the offense; hence there was no error relative to the matter complained of.

. By Bill of Exception No. 4 appellant complains of the action of the trial court in overruling his motion for a new trial based on newly discovered evidence. The claimed newly discovered evidence consists of statements alleged to have been made by Esque Sterns to Dewey Davis and F. H. Holt to the effect that while he (Sterns) was confined in jail he was persuaded by the sheriff to swear Son Mims into the penitentiary; that he was sorry that he swore like he did, etc. Sterns denied having made such a statement. It is obvious that the claimed newly discovered testimony would only have tended to impeach the witness Sterns; and under the well-established rule of this court would not be ground for a new trial. See Barber v. State, 35 Texas Cr. R. 70; Patton v. State, 62 Texas Cr. R. 28; Tate v. State, 66 Texas Cr. R. 198; Collins v. State, 66 Texas Cr. R. 602; Henson v. State, 74 Texas Cr. R. 277; White v. State, 76 Texas Cr. R. 612. Moreover, the motion is wholly deficient in that it fails to aver that the appellant's attorney did not have knowledge of the claimed newly discovered evidence because his knowledge would be chargeable to the appellant. See Williams v. State, 7 Texas Cr. App. 163. However, the court heard testimony relative to the averment in the motion and the State produced Sterns who denied having made any such statements as claimed by the appellant. The appellant did not call any witnesses to substantiate the allegations in his motion. Consequently, the court's ruling under the circumstances fails to reflect any reversible error.

No error of a reversible nature appearing from the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant complains in his motion of the following statement in our original opinion, as follows: "In the present instance, we could eliminate from our consideration the testimony of the accomplice Sterns and there would still be sufficient evidence upon which the jury might base their conclusion of the .

appellant's guilt inasmuch as he was found in possession of recently stolen property."

The above statement might be treated as dicta, as same was not necessary nor called for in the proper disposition of this case.

We do think, however, that the possession of the recently stolen property could be used as a circumstance tending to connect the appellant with the offense of the theft. We do also think that it is not necessary for the State to rely upon such possession in this instance. It had the positive assertion of the confessed accomplice, and such possession was utilized by the State merely as corroborative of such accomplice's statement.

The trial court very properly instructed the jury that the witness Sterns was an accomplice, and gave an often approved charge relative to the necessity that such witness' testimony should be corroborated; he also instructed the jury affirmatively on appellant's presented defense.

Appellant cites us to many cases wherein the doctrine is laid down that a conviction is not authorized where the defendant gave a reasonable explanation of the possession of recently stolen property, and made no attempt to conceal the same. To this effect is the Loving case, 18 Texas App. 459, also the Daniel case, 132 S. W. 773, as well as other cases, in all of which we find the application of the above rule made where the State relied upon the possession of recently stolen property as the basis of conviction. In support of the above statement we quote an excerpt from Judge Hurt's opinion in the Loving case, supra: "The State's case is, therefore, simply one of recent possession, with reasonable explanation, with no proof by the State of the falsity of the explanation. This being the case, the evidence is not sufficient to convict, and hence the verdict of the jury was not supported by the evidence."

In the Daniel Case, 132 S. W. 773, the just above quoted doctrine is again affirmed, and the Daniel case is also one in which the State relied upon the possession of recently stolen properly for a conviction. As heretofore stated, such a reliance is not necessary in this case.

We see no reason to recede from our original opinion herein.

The motion will be overruled.