Charles E. Heidingsfelder, Jr., of Houston, for appellant.

A. C. Winborn, Criminal Dist.Atty., and E. T. Branch, Asst. Criminal Dist. Atty., both of Houston, and Ernest S. Goens, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

Aggravated assault is the offense; the punishment, a fine of $250.

The information charged an assault by a male person upon a female.

The testimony of the prosecutrix, a married woman, shows that appellant gained admission to her home by representing himself to be a "light inspector."

Prosecutrix was ill and in bed. Appellant made improper advances, exposed his privates, and took hold of prosecutrix and twisted her arm. Prior to that, appellant had reached under the bed covers and had placed his hand upon the chest and stomach of prosecutrix.

All these acts and conduct on the part of appellant were against the will and over the protestations of the prosecutrix. The threat of prosecutrix to call for help was the cause of his leaving.

Appellant insists that the facts are insufficient to support the conviction.

The act of appellant in taking hold of and twisting the arm of prosecutrix, together with his insulting conduct and his feeling of her breast and stomach, constituted an assault and battery. Poldrack v. State, 86 Tex.Cr.R. 272, 216 S.W. 170. An assault or assault and battery by an adult male upon the person of a female is an aggravated assault.

The facts support the verdict.

Appellant, testifying in his own behalf, denied the alleged acts of misconduct. He accounted for his presence in the house by saying that he was an electrical repairman and was soliciting odd jobs of that character.

Appellant claims that a new trial should have been awarded because of newly discovered evidence. The motion is clearly inadequate to present the question, for there is an utter absence of any allegation therein that appellant's counsel did not know of the claimed newly discovered testimony prior to the trial. Mims v. State, 140 Tex.Cr.R. 647, 146 S.W.2d 754. Moreover, the testimony heard upon the motion for new trial abundantly shows that, by the exercise of the least diligence, appellant or his attorney could have discovered the testimony of the witnesses, prior to the trial.

No reversible error appearing, the judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

**SHROYER v. STATE.**
No. 24249.

Court of Criminal Appeals of Texas.
Feb. 2, 1949.

No appearance for appellant.

A. C. Winborn, Crim. Dist. Atty., and E. T. Branch, Asst. Crim. Dist. Atty., both of Houston, and Ernest S. Goens, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

The offense is aggravated assault; the punishment, three months in jail.

No statement of facts or bills of exception accompany the record.

The indictment charged the offense for which appellant stands convicted.

Nothing is presented for review.

The judgmept of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.