## 33713. SMITH *v.* THE STATE.

MacIntyre, P. J. 1. Where upon writ of certiorari the answer of the inferior tribunal to the petition for certiorari is neither traversed nor excepted to as provided by law, the superior court is bound by such answer. *Rutland* v. *Hill*, 19 *Ga. App.* 528 (91 S. E. 922); *Roberson* v. *Fowler*, 80 *Ga. App.* 248 (55 S. E. 2d, 862); *Hopkins* v. *Southern Ry. Co.*, 110 *Ga.* 85 (1) (35 S. E. 307); *Warren* v. *Wilson & Creekmur*, 63 *Ga.* 372.

2. Where in a petition for certiorari one of the grounds of error alleged is the failure of the State to prove the venue of the crime, and the inferior tribunal in its answer to the petition for certiorari sets forth the evidence establishing the venue as alleged in the accusation, the answer of the inferior tribunal is conclusive upon that point under an application of the principle of law stated in division 1 of this opinion.

3. "It is left to the sound discretion of the trial court to determine whether or not a child of eight years of age is a competent witness; and where the court examines a child as to its understanding of the nature of an oath and decides that it is competent to testify, this court will not interfere, where it does not appear that such discretion was manifestly abused. *Russell* v. *State*, 83 *Ga. App.* 841 (65 S. E. 2d, 264), and citations." *Long* v. *State*, 84 *Ga. App.* 638 (66 S. E. 2d, 837).

4. "The Code defines an assault as 'an attempt to commit a violent injury on the person of another,' and a battery as 'the unlawful beating of another.' Code §§ 26-1401, 26-1408. 'To beat, in a legal sense, is not merely to whip, wound, or hurt, but includes any unlawful imposition of the hand or arm.' *Hunt* v. *State*, 49 *Ga. App.* 13 (174 S. E. 156); *Goodrum* v. *State*, 60 *Ga.* 509, 511. The slightest touching of another in anger is a battery and to touch a virtuous child in the way of illicit and perverse love is a far greater outrage than to touch her in anger, and equally a breach of the peace. *Hunt* v. *State*, supra." *Dunn* v. *State*, 83 *Ga. App.* 682 (64 S. E. 2d, 478). Applying these rules to the evidence in the present case, the judge of the inferior court, without a jury, was not authorized to find the defendant guilty of an assault and battery. There is no evidence either of an intention or an attempt upon the part of the defendant to commit a violent injury upon the person of the child. In each of the following cases cited and relied upon by counsel for the State, there was evidence of the commission of a lascivious act or the expression of an intention to commit a lascivious act upon the person alleged to have been assaulted from which the intention to do such person violent injury was inferable: *Goodrum* v. *State*, supra; *Yarbrough* v. *State*, 17 *Ga. App.* 828, 831 (88 S. E. 710); *Hunt* v. *State*, supra; *Levy* v. *State*, 69 *Ga. App.* 265 (25 S. E. 2d, 153); *Horton* v. *State*, 74 *Ga. App.* 723, 725 (41 S. E. 2d, 278). In *Brown* v. *State*, 57 *Ga. App.* 864 (197 S. E. 82), the element of anger accompanied the contact with the person alleged to have been assaulted. The evidence in the instant case was that the defendant met the child on the street in the City of Atlanta near a store in which her mother was shopping, that he asked her if she liked comic books and told her that if she would come with him to the basement of a house in the

rear of the store she could get them; the child started with him but became frightened and said that she would have to ask her mother; the child related the incident to her mother who in turn related it to the child's father; the father took the child back to the scene, a busy street, and the child pointed out the defendant; the defendant entered a beer parlor; the father of the child stationed her on the corner, and when the defendant came out of the beer parlor and saw her he again approached her and said, "Hello, Sweetheart, are you ready to get those comic books now?" and the defendant leaned over and put his hand upon the child's arm; at this junction, the father, who had secreted himself nearby, struck the defendant with a blackjack and with his fists and the defendant fled. The defendant in his statement related that he was a married man with children of his own and that he fled to avoid being killed. The evidence introduced by the State is insufficient to show beyond a reasonable doubt that the defendant was motivated in touching the child by lust, lasciviousness, anger, or any improper motive.

5. The judgment of the judge of the inferior court being contrary to law, it follows that the superior court erred in overruling and dismissing the petition for certiorari.

*Judgment reversed. Gardner and Townsend, JJ., concur.*

DECIDED JANUARY 8, 1952.

*T. J. Lewis, T. J. Lewis Jr.*, for plaintiff in error.
*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, C. O. Murphy*, contra.