**STATE of Maine**

**v.**

**Perley DEVEAU.**

Supreme Judicial Court of Maine.

March 24, 1976.

John E. Welch, Dist. Atty., Houlton, Charles K. Leadbetter, Asst. Atty. Gen., Richard Wise, Law Student Intern, Augusta, for plaintiff.

Barnes Law Office by Torrey A. Sylvester, Houlton, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

ARCHIBALD, Justice.

On appeal.

An Aroostook County grand jury indicted the defendant, charging:

"On or about November 12, 1974, at Houlton, Aroostook County, Maine, Perley Deveau did unlawfully assault [L***** M*****], a female who had not attained her 14th birthday, to wit: having attained her twelfth birthday, with the intent to ravish and carnally know [L***** M*****] by force and against her will."

The act charged in this indictment is proscribed by 17 M.R.S.A. § 3153, which provides:

"Whoever *assaults* a female who has attained her 14th birthday with intent to

commit a rape shall be punished by a fine of not more than $500 or by imprisonment for not more than 10 years. *If such assault is made on a female who has not attained her 14th birthday, such imprisonment shall be for not less than one year nor more than 20 years."* (Emphasis supplied.)

In order to clarify the issue which we will ultimately discuss, we must give consideration to the statutory proscription against rape, which is found in 17 M.R.S.A. § 3151, namely:

"Whoever ravishes and carnally knows any female who has attained her 14th birthday, by force and against her will, *or unlawfully and carnally knows and abuses a female child who has not attained her 14th birthday, shall be punished by imprisonment for any term of years."* (Emphasis supplied.)

The common law crime of rape contained no limitation on the age of the victim, but the original Maine statute (R.S. 1820, ch. 3, § 1) deleted the elements of "by force and against her will" if the "woman child" was under the age of 10 years, thus eliminating either lack of force or consent as defenses. *State v. Morin,* 149 Me. 279, 100 A.2d 657 (1953). Thus it is that having carnal knowledge of such a juvenile has become commonly known as "statutory rape" in contradistinction to common law or forcible rape.

■ The crime charged, therefore, in reality becomes *assault* with intent to commit statutory rape which, by virtue of the language used in Section 3153, necessarily includes the common law crime of assault. 17 M.R.S.A. § 201, defining assault, is merely declaratory of the common law. *State v. Rand,* 156 Me. 81, 161 A.2d 852 (1960). One of the prerequisites to proof

of criminal assault is that an attempted touching must be *unlawful.* As we said in *State v. Worrey,* 322 A.2d 73, 81 (1974), "to be guilty of an assault, the doer must intend an *unlawful* touching."

In the instant case the instructions given the jury, read in their totality, made it plain that the consent of the victim was irrelevant in terms of the crime charged. In summation the jury was told:

"So sexual intercourse or attempt of sexual intercourse with a female under 14 years of age could constitute intention to rape whether or not the act was accomplished against her will or with or without her consent." [1]

Since no objections were noted to the charge as given, we must determine (1) if the charge was erroneous and, if so, (2) whether it was that type of error requiring reversal of the conviction under Rule 52(b), M.R.Crim.P. [2]

In *State v. Worrey, supra,* we held that assault with intent to commit rape is not a lesser included offense within the crime of statutory rape because the former is not *necessarily* a constituent part of the latter. We noted:

"The preliminary acts which culminate in a statutory rape may be innocent at law until the sexual intercourse occurs. The doer *may* have reasonably relied upon consent, misinformation as to the girl's age, and so forth. He may not have intended an *unlawful* touching. The sexual intercourse which follows is illegal simply because the girl is under the age of 14, not because the Defendant specifically intended wrongdoing.

To paraphrase the language of *Leeman* [*State v. Leeman,* 291 A.2d 709 (Me.1972)], neither assault nor assault

---

1. In a discussion with counsel prior to instructing the jury, defense counsel inquired: "Do I understand correctly that the court is saying also that there is no possible way this girl can consent to this conduct?", to which the Justice replied: "Yes, because she

is under fourteen years of age. She cannot consent to carnal knowledge."

2. "(b) *Obvious Error.* Obvious errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

with intent to rape, as defined, is *necessarily* a constituent part of statutory rape, as defined."

322 A.2d at 81.

We are mindful that this rule, announced as a holding in *State v. Worrey* (and as dicta in *State v. Rand, supra*), is in conflict with the rule in the majority of jurisdictions in the United States.[3] It has been widely held that in a prosecution for assault with intent to commit rape, the consent of a victim who is below the age of consent is no defense.[4] Massachusetts has adopted the majority position because:

> "If, as all agree, [consent] is immaterial upon a charge of committing the completed act, which includes an assault, no reason, but an extremely technical one, can be urged why it should not be so upon a charge of assault with intent to commit the completed act."

*Commonwealth v. Roosnell,* 143 Mass. 32, 41, 8 N.E. 747, 752 (1886).

It is our view that the distinction between sexual intercourse and conduct which falls short thereof is more than an "extemely technical" one. In setting an arbitrary age of consent for purposes of statutory rape, the legislature made a qualitative judgment that *all* females under the age of 14 should be protected from carnal knowledge and abuse. This is not to say that females above the age of 14 are *necessarily* capable of consenting to sexual intercourse. The capacity to consent might well be a jury issue in a prosecution for

rape of a female who has attained her 14th birthday. *See State v. Worrey,* 322 A.2d at 81, n. 8. However, the legislature has not seen fit to impose an equivalent minimum age for conduct which falls short of carnal knowledge with a juvenile.

It would appear that the courts in some jurisdictions have adopted the majority rule by equating *attempted* rape with assault with intent to commit rape. *See e. g., Cunningham v. State,* 85 Ga.App. 216, 68 S.E.2d 614 (1952). Since consent is no defense to a charge of statutory rape, it would likewise have no bearing on a charge of attempted statutory rape. While it is true that attempted *forcible* rape and assault with intent to commit *forcible* rape necessarily include many of the same elements, we see no basis for finding such similarities between *attempted* statutory rape and assault with intent to commit statutory rape. The fact that Section 3153 uses the word "assault" rather than language connoting traditional concepts of attempt leads us to the conclusion that the original statutory framers intended to incorporate the common law definition of assault when R.S.1820, ch. 3, § 1 was enacted. Since there is no minimum age before which a female is legally incapable of consenting to an assault, the issues of capacity to consent and of the consent itself are proper jury questions.

■ We conclude that it was error to eliminate the element of consent as a defense to this indictment.[5]

---

3. In *State v. Black,* 63 Me. 210, 211 (1874), the Court avoided deciding whether assault and battery was a lesser included offense under an indictment which charged statutory rape, commenting: "This, if material, would present an interesting question, upon which the authorities are conflicting."

4. *See e. g., State v. McDaniel,* 204 N.W.2d 627 (Iowa 1973); *State v. Wells,* 305 S.W. 2d 457 (Mo.1957). The rule which we adopt prevails in Canada and England. *See* Annotation, *Assault with intent to ravish or rape consenting female under age of consent,* 81 A.L.R. 599 (1932).

5. Maine's new Criminal Code will become effective April 1, 1976. This Code contains no provision perpetuating 17 M.R.S.A. § 3153. The Code proscribes sexual contact with juveniles but does not conjoin unlawful assault with such proscriptions.

We also note that our holding has no relationship to conduct falling within the provisions of 17 M.R.S.A. § 1951 (taking indecent liberties with the sexual organs of certain minors), to which conduct consent is not a defense. *State v. Lindsey,* 254 A.2d 601 (Me.1969).

Having determined that error was committed, we must now decide if it was of sufficient gravity to warrant a reversal. In *State v. Peterson,* 145 Me. 279, 288, 75 A.2d 368, 373 (1950), the Court considered an instruction which involved a misstatement of legal principal and held:

> "Those instructions disclose errors so highly prejudicial to the rights of the respondent as to cause, or contribute to, a result which, under such circumstances, must be considered unjust and require that a new trial be ordered on the general motion, notwithstanding the fact that no exceptions were taken to the charge. . . ."

The test for determining manifest error (as opposed to error properly preserved for appellate review under Rule 30(b), M.R.Crim.P.) is whether there exists "a reasonable possibility that a complete instruction . . . would have resulted in a different verdict." *State v. McKeough,* 300 A.2d 755, 761 (Me.1973); *see State v. McDonough,* 350 A.2d 556 (Me.1976).

As we indicated at an earlier point, it would not have been irrational for this jury to have concluded that there was consent to the physical contact here involved, despite the juvenile's testimony to the contrary. Although under thirteen, she was 5 feet 4 inches tall, weighed in excess of 150 pounds, was in the seventh grade, admittedly drank beer and smoked cigarettes. She was in the company of the defendant for over four hours and at one point was in a public place where assistance could have been easily requested. The record indicates that she was subjected to a medical examination shortly after her separation from the defendant but no evidence was introduced that she showed any signs of trauma or physical abuse.

We conclude that justice requires a new trial.

The entry is:

Appeal sustained.

New trial ordered.

All Justices concurring.