**Pedro (Pete) PEREZ, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-78-587.**

Court of Criminal Appeals of Oklahoma.

Aug. 4, 1980.

As Corrected Sept. 23, 1980.

James M. Boring, Guymon, for appellant.

Jan Eric Cartwright, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., Richard Parrish, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Pedro (Pete) Perez, hereinafter referred to as defendant was charged, tried and convicted in the District Court of Texas County, Case No. CRF–78–65, for the offense of Attempted Robbery with a Dangerous Weapon in violation of 21 O.S.Supp. 1973, § 801. His punishment was fixed at ten (10) years' imprisonment and from said Judgment and Sentence an appeal has been perfected to this Court.

Defendant asserts in his first assignment of error that the trial court erred in refusing to remand the case for further preliminary hearing after the state endorsed an additional witness, a Bill Bridges, just five days prior to trial. Defendant argues that he was prejudiced by being forced to trial without sufficient time to prepare for the testimony. The substance of the testimony of Bridges was that he observed defendant on the afternoon of March 4, 1978, wearing a black cowboy hat. This testimony was merely cumulative to other testimony that defendant consistently wore, or was wearing on the day in question, a black hat. The late endorsement of witnesses will not be a ground for reversal unless it affirmatively appears that the defendant was prejudiced in the preparation and presentation of his defense. See *McCoy v. State*, Okl.Cr., 568 P.2d 1294 (1977) and *Jones v. State*, Okl.Cr., 410 P.2d 559 (1966). We therefore find this assignment of error to be without merit.

Defendant contends in the second assignment of error that the trial court

erred in overruling his motion to quash the information. The defendant urges that the information was indefinite, uncertain and void on its face for alleging, in addition to the crime charged, the separate and distinct offense of assault and battery. This contention is without merit. The information charged that defendant " * * * did unlawfully and feloniously attempt to rob one Wilma Ramsey and to take and carry away certain money and personal property of value belonging to Chris Package Store located at 706 N.W. 4th Street in the city of Guymon, Oklahoma, and in the possession of said Wilma Ramsey and in her immediate presence, without her consent and against her will, by then and there committing assault on the said Wilma Ramsey with dangerous weapons, to wit: a knife with a long, sharp and pointed blade and a Platte Valley Straight Corn whiskey jug, with which said knife cut said Wilma Ramsey and with which said jug did strike the said Wilma Ramsey about the head, and said defendant did threaten harm to said Wilma Ramsey, if she resisted, but failed in the accomplishment of said robbery by the resistance of said Wilma Ramsey in the arrival of Sally Ann Walker and Connelly Rice."

The information is not duplicitous; it charges the single crime of Attempted Armed Robbery, and sets forth two different acts that constitute the way in which defendant committed said offense. See *Hammonds v. State*, Okl.Cr., 366 P.2d 111 (1961) and *Mitchell v. State*, Okl.Cr., 408 P.2d 566 (1965) and *Richmond v. State*, Okl. Cr., 492 P.2d 349 (1971).

■ Defendant next alleges that the trial court erred by overruling his motion to suppress evidence which was illegally obtained. Defendant first complains that he did not knowingly and intelligently waive his constitutional right against self incrimination when hair samples were taken from his person. A similar contention was considered by this Court in *Billy v. State*, Okl.Cr., 602 P.2d 237 (1979), wherein we stated: " . . . [T]he protection given by the Fifth Amendment applies to testimonial evidence, not the physical evidence.

See *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); and *Gilbert v. California*, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). In *Schmerber*, the court held that the Fifth Amendment does not bar the taking of blood samples and in *Gilbert* the same holding was made for handwriting samples. We do not find saliva and hair samples to be different from blood and handwriting samples." In this respect, Art. II § 21 of the Oklahoma Constitution and the Fifth Amendment to the United States Constitution are similar in scope. *State v. Thomason*, Okl.Cr., 538 P.2d 1080 (1975). The record reflects that the samples were taken only after defendant had been advised of his constitutional rights, and the defendant made no objection to the taking of such samples.

■ Defendant next urges under this assignment of error that a coat provided to the police by defendant's brother was the result of an unlawful search and seizure. It would be improper for police officers to utilize private persons to conduct searches during the course of a criminal investigation to circumvent the necessity of obtaining a search warrant. See *Williams v. State*, Okl.Cr., 501 P.2d 841 (1972). However, it is clear from the record that defendant's brother brought the coat to the police, not because of a police order or suggestion, but because he thought it would be beneficial to defendant. [Tr. 120–127] This proposition is without merit.

■ Defendant asserts in his fourth assignment of error that the trial court erred in overruling his motion for a mistrial based upon the fact that the verification clause of the information was read to the jury, creating an impermissible inference of guilt. The verification clause of an information is not a part of the information, and should not be included in the reading of the information. See *Harvell v. State*, Okl.Cr., 395 P.2d 331 (1964) and *Stamper v. State*, 25 Okl.Cr. 324, 220 P. 67 (1923).

However, any error which occurred because of the reading of the verification was cured by the trial court's jury instruction # 3 charge and could not be considered as

evidence of guilt. See *Woods v. State*, Okl. Cr., 440 P.2d 994 (1968) cert. den. 393 U.S. 953, 89 S.Ct. 378, 21 L.Ed.2d 364.

■ Defendant contends in the fifth assignment of error that the trial court erred by failing to require the District Attorney to disclose certain exculpatory evidence, as previously ordered by the court. This issue was carefully considered by the trial court, who examined the materials and correctly found that notes taken by a police officer when questioning defendant were "work product" and not subject to disclosure since the police officer did not take a written statement from defendant. See *Curtis v. State*, Okl.Cr., 518 P.2d 1288 (1974). The fifth assignment of error is without merit.

Defendant alleges in his sixth assignment of error that the trial court erred by stating to the jury that the testimony of defense witness Tony Perez would be "clarified," thereby placing an unreasonable burden upon defendant to rehabilitate the witness. We are of the opinion that this assignment of error is wholly without merit. The trial court was advised by the jury that three of its members could not understand the testimony of Tony Perez, who was attempting to testify in English. The trial court instructed the jury that the witness would be recalled and that his testimony would be translated into English by an interpreter. However, both the defendant and the District Attorney objected to the recalling of the witness. It is apparent that the trial court was attempting to take steps to ensure that the jurors understood the testimony of the witness. The defendant has failed to demonstrate how he was prejudiced by the trial court action.

Defendant asserts four additional assignments of error, none of which are supported by citation of authority. We have repeatedly held that an appellant must support his allegations of error by both argument and citations of authority; where this is not done, and it is apparent that appellant has not been deprived of any fundamental rights, this court will not search the books for authorities to support mere assertions that the trial court erred. See *Sande-*

*fur v. State*, Okl.Cr., 461 P.2d 954 (1969) and *Stryker v. State*, Okl.Cr., 559 P.2d 1253 (1977). We have carefully examined each of the allegations of error and are of the opinion that defendant was not deprived of any fundamental rights.

In conclusion, we note that nothing appears in the record which would justify modification or reversal. The judgment and sentence is *AFFIRMED*.

CORNISH, P. J., and BRETT, J., concur.