**Virgil Edward STEELE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–88–755.**

Court of Criminal Appeals of Oklahoma.

Aug. 16, 1989.

Robert E. Christian, Duncan, for appellant.

Robert H. Henry, Atty. Gen. and Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

Appellant, Virgil Edward Steele, was tried by jury and convicted of Assault and Battery (21 O.S.1981, § 644) in Grady County District Court, Case No. CRM–88–36, before the Honorable Karen Hibbs, Special Judge. The jury set punishment at ninety (90) days imprisonment. Judgment and sentence was imposed accordingly. We affirm.

On February 16, 1988, Melissa Davis was waiting at Chickasha High School for a friend to give her a ride home. Appellant approached her and asked if she knew a student named Gary Moore. She replied in the negative and turned to leave, but appellant grabbed her and jerked her backwards. Davis screamed and appellant let her go. He then left the school grounds. Davis reported the incident to the assistant principal, who notified the police.

The next day, appellant was stopped for a traffic violation by Officer Scott Airington and agreed to follow him to the police station for questioning regarding the incident at the high school. Appellant admitted grabbing Davis, but stated he did not intend to frighten or hurt her. Davis identified him as the man who grabbed her.

■ As his first assignment of error, appellant urges that the trial court abused its discretion by refusing to grant a continuance. Appellant claims a continuance was necessary to allow him to prepare for a witness who was endorsed by the State on the day before trial.

A motion for a continuance is directed to the sound discretion of the trial court. *Goodwin v. State*, 730 P.2d 1202, 1204 (Okla.Crim.App.1986). Absent an abuse of discretion, this Court will not disturb the ruling of the trial court. *Pankratz v. State*, 663 P.2d 26, 27 (Okla.Crim.App. 1983). In the present case, appellant was not prejudiced by the testimony of witness Elkouri as it was cumulative of the testimony of two other witnesses. Thus, we do not find an abuse of discretion in denying the continuance.

■ Next, appellant argues that error occurred when the State was permitted, over objection, to read the verification clause of the Information. We find *Perez v. State*, 614 P.2d 1112, 1114–15 (Okla. Crim.App.1980) to be dispositive of this issue. In *Perez*, this Court agreed that it was error to read the verification clause of the Information to the jury. However, the error was cured by an instruction which informed the jury that the Information could not be considered as evidence of guilt. The same situation is present here. The verification clause was read to the jury; however, the jury was informed it could not be considered evidence of guilt. Hence, the error was cured by this instruction. This assignment is without merit.

■ In his third proposition, appellant claims it was error to allow the victim to testify that appellant had been at the school on previous occasions. Appellant urges that such evidence was irrelevant as it merely served to "paint the [appellant] as a person who had habitually roamed around school yards preying on children." *Brief of Appellant*, at 4. At trial, the State argued that such evidence was relevant to prove identity. The prosecutor stated this evidence was relevant because the incident took less than one minute, and appellant grabbed Davis from behind, thereby hindering her view of his face. We agree that such evidence was relevant. *See* 12 O.S.1981, § 2401.

■ Our next inquiry is whether this relevant evidence was nevertheless inadmissible because of its prejudicial effect.

*See* 12 O.S.1981, § 2403. The testimony complained of did not infer that appellant had committed other crimes while on school grounds, but merely consisted of Davis' testimony that she had seen him on the school grounds on a previous occasion. We do not think such evidence unfairly prejudiced appellant. As such, the admission of this evidence was within the trial court's discretion. *Fitchen v. State*, 738 P.2d 177, 180 (Okla.Crim.App.1987). This assignment is without merit.

As his fourth assignment of error, appellant, relying on *Armstrong v. State*, 51 Okla.Crim. 407, 2 P.2d 100 (1931), urges that the force or violence necessary to constitute a battery must be direct and of such a nature to produce physical injury. The trial court instructed the jury according to *Oklahoma Uniform Jury Instructions—Criminal*, Instruction Number 420, which states that "any touching of a person regardless of how slight may be sufficient to constitute force...."

We agree that the statute under which appellant was prosecuted, 21 O.S.1981, § 644, does not specify the degree of force necessary to constitute a battery. Furthermore, this Court has never directly addressed this question although it has been decided in several other jurisdictions. *See, e.g., State v. Deveau*, 354 A.2d 389, 390 (Me.1976); *Woods v. State*, 14 Md.App. 627, 288 A.2d 215 (1972). For example, in *Dixon v. State*, 302 Md. 447, 488 A.2d 962, 967 (Ct.App.1985), it was agreed that only the slighest force is necessary. In *Smith v. State*, 85 Ga.App. 215, 68 S.E.2d 719, 720 (1952), the Georgia Court of Appeals stated "the slightest touching of another in anger is a battery." Similarly, in *State v. Davis*, 120 R.I. 82, 384 A.2d 1061, 1064 (1978), the Rhode Island Supreme Court explained that the force necessary to constitute an assault and battery need only be the slightest force. In *Johnson v. Commonwealth*, 221 Va. 872, 275 S.E.2d 592, 597 (1981), the Virginia Supreme Court upheld a conviction for assault and battery. In that case, the only application of force occurred when the defendant held the victim against her will. In *Barnette v. State*, 153 Tex.Crim. 27, 217

S.W.2d 20, 21 (1949), an assault and battery conviction was upheld wherein the defendant had twisted the victim's arm. In *State v. Deveau*, 354 A.2d at 390, the Supreme Court of Maine held that any unconsented or offensive touching was sufficient to constitute the element of force.

Appellant relies on *Armstrong*, 2 P.2d at 100, to support his assertion that force must be direct and of a nature to produce injury. In *Armstrong*, this Court determined there was insufficient evidence to support a conviction for assault and battery. There, the defendant asked the prosecutrix to be quiet because she was disturbing an ill person. He led her by the arm away from the room of the ill person. Without explanation, this Court reversed the conviction. After review, we believe the focus of *Armstrong* was the "unlawfulness" and "wilfulness" of the defendant's behavior rather than the amount of force use. *Id.* Thus, we disagree with appellant's contention that *Armstrong* requires force sufficient to cause injury.

Adoption of the general rule that only the slightest force or touching is necessary to constitute the requisite element of force is consistent with both the uniform instructions adopted by this Court and other statutory provisions regarding the definition of force. For example, when addressing the degree of force necessary to constitute a robbery, the legislature has stated the degree of force is immaterial. *See* 21 O.S. 1981, § 793. It is also important to note that the legislature did not require a certain degree of force to constitute a battery. Thus, we must assume that any amount of force is sufficient. Accordingly, we hold that only the slightest touching is necessary to constitute the "force or violence" element of battery. Such a holding is in conformity with a majority of the jurisdictions and is consistent with current statutes defining the elements of battery. Appellant's assignment is without merit.

Finally, appellant asserts his sentence is excessive. "Unless the sentence is so excessive as to shock the conscience of this Court, we will decline to enter an order of modification." *Scales v. State*, 737 P.2d

950, 954 (Okla.Crim.App.1987). In the present case, the sentence imposed was within statutory limits. After review, we do not believe the sentence imposed warrants modification. *See Geary v. State,* 709 P.2d 690, 695 (Okla.Crim.App.1985). This proposition is without merit.

For the reasons discussed above, the judgment and sentence is AFFIRMED.

LUMPKIN, Judge, specially concurring.

As stated in my separate opinion in *State v. Hammond,* 775 P.2d 826 (Okl.Cr.1989), I concur with the court's determination that "only the slightest touching is necessary to constitute the 'force or violence' element of battery." I further concur with the court's analysis of *Armstrong v. State,* 51 Okl.Cr. 407, 2 P.2d 100 (1931), and the proper application of that decision to the offense of battery.