FILED
United States Court of Appeals
Tenth Circuit

October 5, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

BILLY RAY MASON,

        Defendant – Appellant.

No. 17-7011
(D.C. Nos. 6: 16-CV-00195-RAW and
6:09-CR-00100-RAW-1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.

Does textualism[1] prevail even if the results are unsettling? In litigation, facts are

---

[*] After examining the briefs and appellate record, this panel has unanimously determined to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not encouraged, but not prohibited. Fed. R. App. 32.1. Citation is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Any citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id*.

[1] Textualism is a method of statutory interpretation whereby the plain text of a statute determines the meaning of legislation. *See* John F. Manning, Textualism and the Equity of the Statute, 101 Colum. L. Rev. 1, 3-4 (2001). Instead of attempting to determine statutory purpose or legislative intent, textualists adhere to the objective

(Continued . . .)

critical; or are they?  Those questions bear on the issue presented here: Whether assault

and battery upon a police officer in violation of Okla. Stat. Ann. tit. 21, § 649(B)

qualifies as a "violent felony" under the elements clause of the Armed Career Criminal

Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(i).  As it turns out, the details (case facts) of a

prior conviction matter not a whit, no matter how clear they may be.  Because assault and

battery under the Oklahoma statute does not have "as an element the use, attempted use,

or threatened use of physical force against the person of another," it cannot be a

qualifying predicate offense.  For that reason, we must reverse and remand.

## I. Background

In January 2010, Billy Ray Mason pled guilty to being a felon in possession of a

firearm.  18 U.S.C. § 922(g)(1).  This offense normally carries with it a maximum

sentence of 10 years imprisonment.  *See* 18 U.S.C. § 924(a)(2).  The district judge,

however, concluded the ACCA applied because Mason had three prior "violent felony"

convictions: (1) a 1995 juvenile adjudication for assault and battery with a dangerous

weapon; (2) a 2001 conviction for larceny from a person in violation of Okla. Stat. Ann.

tit. 21, § 1704(2), and (3) a 2005 Oklahoma conviction for assault and battery upon a

police officer in violation of Okla. Stat. Ann. § 649(B) (two counts).  *See* 18 U.S.C.

§ 924(e)(1), (2)(B)(i).  His criminal record exposed him to a mandatory minimum 15-

year sentence, *see* 18 U.S.C. § 924(e)(1), and increased his guideline range from 57-71

months to 188-235 months imprisonment.  The district judge sentenced him to 188

meaning of the legal text.  *Id*.

- 2 -

months.

Mason filed a direct appeal, arguing his juvenile adjudication and his conviction for larceny from a person did not constitute predicate offenses under the ACCA. We rejected his arguments and affirmed. *See United States v. Mason*, 435 F. App'x 726 (10th Cir. 2011) (unpublished).

At the time of Mason's sentencing in November 2010, an offense was a "violent felony" under the ACCA if it (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause), (2) "is burglary, arson, or extortion, [or] involves use of explosives" (the enumerated offense clause), or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). 18 U.S.C. § 924(e)(2)(B). On June 26, 2015, the United States Supreme Court decided the residual clause is unconstitutionally vague. *Johnson v. United States (Johnson II)*, --- U.S. ---, 135 S. Ct. 2551, 2557, 2563 (2015). It left intact, however, the elements and enumerated offense clauses. *Id*. at 2563. On April 18, 2016, it made *Johnson II*'s holding retroactive to cases on collateral review. *Welch v. United States*, --- U.S. ---, 136 S. Ct. 1257, 1265 (2016).

Relying on *Johnson II*, Mason filed a 28 U.S.C § 2255 motion, arguing his convictions for larceny from a person and assault and battery upon a police officer could no longer be deemed violent felonies supporting the ACCA enhancement. The government agreed as to the former but said the latter still qualified as a violent felony

under the elements clause of the ACCA.[2]  Because Mason's criminal history also

included a "serious drug offense" under the ACCA, the government concluded Mason

still had the necessary predicate offenses: (1) assault and battery with a dangerous

weapon, (2) assault and battery upon a police officer, and (3) possession with intent to

distribute a controlled substance.[3]  *See* 18 U.S.C. § 924(e)(1) (applying a mandatory

minimum 15-year sentence to those convicted of violating § 922(g) and having three

previous convictions for a "violent felony" <u>or</u> "serious drug offense").

The judge agreed with the government.  Relevant here, he decided Mason's

conviction for assault and battery upon a police officer in violation of Okla. Stat. Ann. tit.

21, § 649(B) constituted a violent felony under the ACCA.  Section 649(B) makes it a

---

[2] We are not bound by the government's concession that larceny from a person is not a violent felony under the ACCA.  *United States v. Iverson*, 818 F.3d 1015, 1019 (10th Cir. 2016).  However, it appears its concession is well considered.  In *United States v. Patillar*, we held larceny from a person in Oklahoma qualifies as a "crime of violence" under the career offender sentencing guideline, USSG §§ 4B1.1, 4B1.2.  595 F.3d 1138, 1139-40 (10th Cir. 2010).  That guideline defines "crime of violence" similar to "violent felony" under the ACCA.  Importantly, *Patillar* decided larceny from a person <u>did not satisfy the elements clause</u> of the guideline definition but did satisfy its residual clause. *Id*.

[3] Mason was charged in a single case with assault and battery upon a police officer and possession with intent to distribute a controlled substance.  The judge nevertheless concluded they constituted two separate predicate offenses for purposes of the ACCA. Mason does not quarrel with that ruling on appeal.  Nor does he argue that his prior conviction for possession of a controlled substance is not a "serious drug offense" under the ACCA.  *See* 18 U.S.C. § 924(e)(2)(A) (defining "serious drug offense" as, *inter alia*, "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law").

crime for a "person who, without justifiable or excusable cause knowingly commits battery or assault and battery upon the person of a police officer . . . while the officer is in the performance of his or her duties . . . ." He concluded the statute could be violated by battery alone or by "assault and battery." Under his reasoning, battery alone would not qualify as a violent felony under the ACCA because Oklahoma law defines battery as "'any willful and unlawful use of force or violence upon the person of another,'" but "'only the slightest touching is necessary to constitute the "force or violence" element of battery.'" (R. Vol. 1 at 57 & n.4 (quoting Okla. Stat. Ann. tit. 21, § 642 and *Steele v. State*, 778 P.2d 929, 931 (Okla. Crim. App. 1989))). The elements clause of the ACCA, however, requires "physical force," which the Supreme Court has defined as "*violent force*—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States (Johnson I)*, 559 U.S. 133, 140 (2010). In doing so, the Supreme Court explicitly rejected the government's argument that "physical force" in the elements clause was equivalent to the force necessary to satisfy common law battery, i.e., the "slightest offensive touching." *Id*. at 139.

Nevertheless, the judge decided "assault and battery" may require "violent force," as defined by *Johnson I*, because it includes assault, which is defined by statute as "'any willful and unlawful attempt or offer with force or violence to do a corporal hurt to another.'" (R. Vol. I at 57 (quoting Okla. Stat. Ann. tit. 21, § 641)). "[C]orporal hurt" is not defined in the statute so the judge gave it its ordinary meaning: "to cause pain or injury" "of, relating to, or affecting the body." (*Id*. (quoting http://www.merriam-

- 5 -

webster.com)).  This, he said, made "assault and battery" upon a police officer, as opposed to simply battery, a violent felony under the ACCA because it "has as an element the use, attempted use, or threatened use of physical force against the person of another."  (*Id*.)  Stated differently, it satisfies the elements clause.

Because one violation of the statute would qualify as a violent felony ("assault and battery") but another would not (battery), the judge used the modified categorical approach to determine which alternative formed the basis of Mason's prior conviction. Looking to the charging documents, he decided Mason had been convicted of "assault and battery upon a police officer . . . by kicking."  (*Id*. at 58 (quotation marks omitted.)) That, he concluded, constituted a violent felony under the ACCA's elements clause.  He denied § 2255 relief but nevertheless conducted a re-sentencing "[b]ecause [the] predicate offenses for ACCA enhancement are different than those used at his previous sentencing."  (*Id*. at 58.)  He re-sentenced Mason to 188 months imprisonment.[4]

Mason sought a certificate of appealability (COA) to appeal from the denial of his

---

[4] The government has not argued and the judge did not decide that the residual clause was not used at sentencing.  Therefore, neither suggested that *Johnson II* could not be used to save the untimeliness of the § 2255 motion.  Indeed, the government conceded Mason's § 2255 motion was timely under 28 U.S.C. § 2255(f)(3) because it was filed within one year of *Johnson II*.  *See* 28 U.S.C. § 2255(f)(3) (the one-year statute of limitations for filing a § 2255 motion runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review").  In any event, the fact the judge re-sentenced him may have restarted the limitations clock.  *Cf. Burks v. Raemisch*, 680 F. App'x 686, No. 16-1247, 2017 WL 727132 (10th Cir. Feb. 24, 2017) (unpublished).  Additionally, the government did not argue and the judge did not decide that Mason's claim was procedurally defaulted because he could have but did not raise the issue in his direct appeal.  *See United States v. Frady*, 456 U.S. 152 (1982).

§ 2255 motion. 28 U.S.C. § 2253(c). We granted a COA to decide whether assault and battery upon a police officer in violation of Okla. Stat. Ann. tit. 21, § 649(B) is a "violent felony" under the elements clause of the ACCA. We directed the government to file a response and, in addition to other arguments, address the following issues:

1. Whether the district judge erred in applying the modified categorical approach in light of the United States Supreme Court's decision in *Descamps v. United States*, --- U.S. ---, 133 S. Ct. 2276 (2013).

2. The effect of our decisions in *United States v. Taylor*, 843 F.3d 1215 (10th Cir. 2016), and *United States v. Smith*, 652 F.3d 1244 (10th Cir. 2011).

## II. Discussion

We review de novo whether a prior conviction constitutes a violent felony under the ACCA's elements clause. *United States v. Ridens*, 792 F.3d 1270, 1272 (10th Cir. 2015). That determination normally requires us to apply the categorical approach, "focusing on the elements of the crime of conviction, not the underlying facts." *United States v. Harris*, 844 F.3d 1260, 1263 (10th Cir. 2017). However, if a statute is "divisible," i.e., it "sets out one or more elements of the offense in the alternative," the modified categorical approach applies. *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). Under that approach, a sentencing court may "examine a limited class of documents to determine *which of a statute's alternative elements* formed the basis of the defendant's prior conviction." *Id.* at 2284 (emphasis added). It then determines whether that alternative constitutes a violent felony under the ACCA. None of the above permits

- 7 -

reference to the facts involved in the prior conviction.

Section 649(B) makes it a crime for a "person who, without justifiable or excusable cause knowingly commits battery *or* assault and battery upon the person of a police officer . . . while the officer is in the performance of his or her duties . . . ." (Emphasis added). The judge decided § 649(B) is a divisible statute because it contains multiple alternative elements—it can be violated by battery alone or "assault and battery."[5] Applying the modified categorical approach, he looked to the charging documents to decide which element formed the basis of conviction. Doing so revealed Mason had been convicted of "assault and battery" upon a police officer, not mere battery. He also discovered that Mason's offense involved kicking.[6] If kicking a police

---

[5] Mason says it is debatable whether or not § 649(B) is a divisible statute, yet does not suggest that its alternatives are means, as opposed to elements. *See Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2241, 2249 (2016) (a divisible statute sets out one or more elements, as opposed to various factual means of committing a single element, in the alternative). We need not consider an issue not presented for decision. The parties frame the issue as whether a § 649(B) "assault and battery" is a violent felony under the ACCA's elements clause; we limit our analysis accordingly. That said, because battery and "assault and battery" are treated the same in Oklahoma, the result would be the same, regardless of whether § 649(B)'s alternatives ("battery or assault and battery") are means or elements.

[6] The government claims the fact Mason's prior conviction involved kicking was not determinative in the judge's analysis. We see it differently. The judge initially decided that if Mason had been convicted of battery alone, then his prior conviction is not an ACCA violent felony. However, if his offense was for "assault and battery," it would be. He then quoted the charging document, which revealed Mason had been convicted of assault and battery. Had he stopped there, we would agree with the government on this narrow issue. Yet, the judge continued: "[Mason] was charged with 'assault and battery upon a police officer . . . by kicking . . . .'" (R. Vol. 1 at 58.) Later, at re-sentencing, when confronted with two cases in which the federal district courts had concluded assault and battery upon a police officer in violation of § 649(B) did not constitute a violent

(Continued . . .)

- 8 -

officer were to be considered the offense, it would constitute a violent felony under the elements clause of the ACCA because it involves "force capable of causing physical pain or injury to another person," *Johnson I*, 559 U.S. at 140.

But the Supreme Court has made clear that the facts forming the basis of conviction are off limits, even under the modified categorical approach. *See Descamps*, 133 S. Ct. at 2284-85 (explaining the modified categorical approach is simply a tool to decide which <u>elements</u> formed the basis of conviction; it is <u>not</u> to be used to determine the factual basis of the prior conviction). The question, therefore, is not whether kicking is a violent felony under the elements clause of the ACCA—it is. Rather, we ask whether assault and battery upon a police officer in violation of § 649(B) has "as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), as that clause was defined in *Johnson I*. It does not. We now look to the elements of the offense as the OCCA has interpreted them.

In *Steele*, the OCCA held: "[O]nly the slightest touching is necessary to constitute the 'force or violence' element of battery." 778 P.2d at 931. In doing so, it said its holding was consistent with the uniform jury instructions it had adopted. *Id.* It also

---

felony under the elements clause of the ACCA, *see United States v. Scott*, No. 10-CR-0087-CVE/16-CV-0397-CVE-PJC, 2016 WL 6808152 (N.D. Okla. Nov. 17, 2016), *United States v. Sitlington*, No. CR-11-00360-001-HE, 2016 WL 7388523 (W.D. Okla. Dec. 20, 2016), the judge distinguished those cases because the courts had not applied the modified approach. This strongly suggests that Mason's "kicking" the officers was determinative. Even if it was not, however, as we explain, the judge erred in concluding the statute of conviction, § 649(B), satisfies the elements clause of the violent felony definition.

noted the legislature had not required a certain degree of force for battery. *Id.* From those factors, it concluded any amount of force, even the slightest touching, is sufficient. *Id.*

At first glance, it appears *Steele* is limited to battery. However, Steele was convicted of "assault and battery." *Id.* at 930. According to Steele's arguments, the force required for battery must be of such nature as to produce physical injury. *Id.* at 931. He relied on *Armstrong v. State*, 2 P.2d 100 (Okla. Crim. App. 1931), an "assault and battery" case. In deciding that battery (not "assault and battery") required only the slightest touching, the OCCA cited cases from other jurisdictions addressing battery as well as those addressing "assault and battery." *Id.* Thus, its holding appears to apply to both battery and "assault and battery." Oklahoma law treats "assault and battery" as equivalent to battery.

The OCCA recognizes two types of assault: (1) attempted battery and (2) intentionally placing one in fear of an imminent battery with an overt act beyond mere words. *Crilley v. State*, 181 P. 316, 316 (Okla. Crim. App. 1918); *see also United States v. Mitchell*, 653 F. App'x 639, 644 (10th Cir. 2016) (unpublished). The OCCA has also said: "Battery includes assault, but assault does not include battery. When the assault culminates in a battery, the offense is assault and battery . . . ." *Hall v. State*, 309 P.2d 1096, 1100 (Okla. Crim. App. 1957) (quotation marks omitted). To state it another way, a battery or an "assault and battery" is a completed assault; the assault merges with the

- 10 -

battery.[7]

Oklahoma's Criminal Pattern Jury Instructions reflect this view. Instruction 4-26 states the elements of "assault and battery" as: willful, unlawful, use of force or violence, upon another person. *See* http://www.okcca.net/online/oujis/oujisrvr.jsp?oc=OUJI-CR%204-26. These elements mirror the statutory definition of battery. *See* http://www.okcca.net/online/oujis/oujisrvr.jsp?oc=OUJI-CR%204-3; *see also* Okla. Stat. Ann., tit. 21, § 642 ("A battery is any willful and unlawful use of force or violence upon the person of another."). Notably, Oklahoma does not have a separate instruction setting forth the elements of battery.

Treating "assault and battery" similar to battery is consistent with the common law. At common law battery was "'a consummated or completed assault'" and was "usually referred to as an assault and battery." *See State v. Maier*, 99 A.2d 21, 24 (N.J. 1953) (quoting 2 Burdick, The Law of Crime (1946), § 350); *see also Woods v. State*, 288 A. 2d 215, 217-18 (Md. Ct. App. 1972) ("[A]ssault is one crime and battery is another.

---

[7] A large drunken man may, with fist drawn back and while towering over and within inches of his petite, cowering wife, threaten to "knock her head off." That is clearly an assault—the threat of corporal injury is accompanied by a present ability and an overt act. But, instead of hitting her, he gently touches her cheek and walks away. If the offenses merge, as appears to be the case in Oklahoma, what starts as felony assault quickly becomes a commonplace battery. That is not to say that an assault, as described, might qualify as a predicate offense (the threatened use of physical force qualifies), but that is not how the OCCA has construed the statute. When we consider whether a state statute constitutes an ACCA predicate offense, we look to how the state's highest court (in this case, the OCCA) has interpreted the statute. *Harris*, 844 F.3d at 1264; *see also United States v. Hammons*, 862 F.3d 1052, 1055 n.3 (10th Cir. 2017) (the OCCA is the court of last resort for Oklahoma criminal cases).

There is no single crime properly called assault and battery. When the term is used, either it refers to two crimes, or it refers to the crime of battery, and when it does the word assault is superfluous."). And, as we know, battery at the common law could be "satisfied by even the slightest offensive touching." *Johnson I*, 559 U.S. at 139. As the Supreme Court of New Jersey has explained, at common law:

> "It seems that any injury whatsoever, be it never so small, being actually done to the person of a man, in an angry, or revengeful, or rude, or insolent manner, as by spitting in his face, *or any way touching him in anger*, or violently justling him out of the way, are batteries in the eye of the law." 1 Hawkins, Pleas of the Crown, 134. "The law cannot draw the line between different degrees of violence, and therefore totally prohibits the first and lowest stage of it; every man's person being sacred, and no other having right to meddle with it, in even the slightest manner." 3 Blackstone's Commentaries 120. *Assault and battery* at common law ranged from these minor offenses, which nevertheless the law cannot afford to overlook, to violence falling just short of manslaughter or murder.

*Maier*, 99 A.2d at 24 (emphasis added).

In sum, there appears to be no significant difference between "assault and battery" and "battery" in Oklahoma. And, so it follows, because battery does not satisfy the elements clause (since it can be accomplished by the slightest offensive touching), neither does an "assault and battery."

Our case law supports this conclusion. In *United States v. Smith*, Smith's prior conviction was for assault and battery upon an Office of Juvenile Affairs employee in violation of Okla. Stat. tit. 21, § 650.2(D). 652 F.3d 1244, 1245-47 (10th Cir. 2011). That statute made it a crime for "[e]very person in the custody of the Office of Juvenile Affairs who, without justifiable or excusable cause, knowingly commits any assault, battery or assault and battery upon the person of an Office of Juvenile Affairs employee

- 12 -

while said employee is in the performance of his or her duties . . . ." *Id*. at 1246 (quotation marks omitted). The sentencing judge used this conviction to enhance Smith's sentence under the ACCA. *Id*. at 1245-46. He objected. We concluded because battery under Oklahoma law required only the slightest touching, assault and battery under § 650.2(D) did not satisfy the elements clause of the "violent felony" definition. *Id*. at 1246-47.

The only differences between § 650.2(D) and the statute of conviction in this case, § 649(B), are: (1) the status of the victim and (2) § 650.2(D) prohibits "assault, battery or assault and battery" whereas § 649(B) prohibits only "battery or assault and battery." Here these differences are distinctions without a difference—the former does not relate to the force element and the latter is immaterial because Mason and Smith's prior convictions both involved "assault and battery."

More recently, in *United States v. Taylor*, we concluded assault and battery with a dangerous weapon in violation of Okla. Stat. Ann., tit. 21, § 645 qualified as a violent felony under the ACCA's elements clause. 843 F.3d 1215, 1223-25 (10th Cir. 2016). However, we did so only because of the existence of the dangerous weapon element. *Id*. Use of a dangerous weapon is not an element of § 649(B). Importantly, in addressing Oklahoma law, we said: "[T]he [OCCA] has held that the amount of force necessary to constitute a simple assault *or* simple battery under Oklahoma law is only the slightest force or touching." 843 F.3d at 1223 (emphasis added) (quotation marks omitted).

Even assuming the statutory definition of assault matters, as the judge decided, we

would reach the same conclusion.  The judge hung his hat on the "corporal hurt" element of Oklahoma statutory assault.  The government does as well.  It, like the judge, wants to give that term its ordinary meaning—bodily pain or injury—and obviously so.  Doing so makes Oklahoma assault fit nicely into *Johnson I*'s definition of "physical force"—"force capable of causing physical pain or injury to another person."  559 U.S. at 140.

But there is another definition of "corporal hurt"—that deriving from the common law.  At common law, that term appears to have included the touching of another's person.  Indeed, common law battery was sometimes referred to as "'[t]he actual infliction of corporal hurt on another (e.g., the least touching of another's person), willfully or in anger, whether by the party's own hand or by some means set in motion by him.'"  *Lynch v. Commonwealth*, 109 S.E. 2d 427, 428 (Va. 1921) (quoting Minor's Synopsis Criminal Law at 77).  Oklahoma's statutory definition of assault tracks the common law definition of assault.  *See State v. Townsend*, 238 N.W.2d 351, 354 (Iowa 1976); *see also Maier*, 99 A.2d at 24.

It seems that most convictions for assault, battery, or assault and battery in Oklahoma will, like Mason's prior conviction, actually involve force capable of causing physical pain or injury.  Nevertheless, our analysis is limited to the least of the acts criminalized by the statute of conviction, as defined by Oklahoma law, not the facts of conviction.  *See Harris*, 844 F.3d at 1264.  Oklahoma appears to still follow the common law.  As a result, assault and battery upon a police officer in violation of § 649(B) does not satisfy the elements clause of the ACCA.

- 14 -

We **REVERSE** the district court's denial of Mason's § 2255 motion and

**REMAND** for further proceedings consistent with this decision.


**Entered by the Court:**


**Terrence L. O'Brien**
United States Circuit Judge