### OSCAR BRISCOE v. STATE.

No. A-4552.    Opinion Filed Nov. 15, 1924.
Rehearing Denied Nov. 29, 1924.
(230 Pac. 520.)

(Syllabus.)

**Continuance—Discretion of Court—Denial of Continuance Where no New Evidence Could Be Obtained.** The court did not abuse his discretion, under the showing made, in denying an application for a continuance on the general ground that the defendant had no sufficient opportunity to prepare for trial.

Appeal from County Court, Cotton County; J. C. Norman, Judge.

Oscar Briscoe was convicted of the illegal transportation of intoxicating liquor, and he appeals. Modified and affirmed.

D. B. Madden and Walter Hubbell, for plaintiff in error.

The Attorney General and J. Roy Orr, Asst. Atty. Gen., for the State.

BESSEY, J.   The plaintiff in error, Oscar Briscoe, was in the county court of Cotton county charged with the offense of illegally transporting intoxicating liquor. At the trial the jury found him guilty and assessed his punishment at confinement in the county jail for period of 120 days and to pay a fine of $300.

The record of the testimony, which is very brief, shows that on the 9th day of November, 1922, certain peace officers received a call to come to the home of Mrs. M. E. Brown in Walters, Okla. Mrs. Brown and a Mrs. Evans, who was visiting Mrs. Brown, testified that the plaintiff in error came to Mrs. Brown's home in the afternoon of that day in an intoxicated condition, and that he brought with him a bottle of whisky; that plaintiff in error committed no particular act of disturbance there, except that he was a trespasser and more or less of a nuisance.  The officers who made the arrest testified that they found a bottle of whisky at the Brown home, which Mrs. Brown identified as the whisky bottle brought to the place by plaintiff in error.

It appears that the plaintiff in error was so under the influence of liquor that afternoon that he did not realize what he was doing or what occurred. After the arrest he was placed in jail.

On November 17th he was brought into court for the purpose of arraignment. Having no attorney and no means to employ one, the court appointed an attorney to represent him,

who, after a brief consultation with his client, filed an application for a continuance. This application recited that the attorney had not had sufficient time to prepare for trial, which was set for November 21st. The motion for a continuance was by the court overruled, the plaintiff in error was arraigned and entered his plea of not guilty, and the cause was set for trial November 21st.

There was no showing made in the application for a continuance that any material witness was absent, beyond the mere conjecture or hope that upon further investigation such witnesses might be found. Other portions of the record indicate that none could have been found, and that if the trial had been continued no new evidence could have been obtained. Under such circumstances, it appears that the court did not abuse his discretion in refusing a continuance.

There is no evidence tending to show that the plaintiff in error was a bootlegger, or a habitual conveyor of liquor; it appears, rather, that on this occasion he was a customer of some whisky peddler, and that he was conveying this particular bottle about on his person for his own consumption, and that at the time of his arrest he had imbibed so freely as to be practically irresponsible. That he was guilty of violating the prohibitory law there can be no doubt, yet we think his offense was not reprehensible in such high degree as to warrant the infliction of the punishment assessed.

We think the ends of justice would be met by modifying the penalty to confinement in the county jail for a period of 30 days and to pay a fine of $100.

The judgment of the trial court is ordered modified accordingly, and the judgment as so modified is affirmed.