Allen Leroy PANKRATZ, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–317.

Court of Criminal Appeals of Oklahoma.

May 11, 1983.

Wesley A. Jones, Lawton, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Chief, Appellate Crim. Div., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Allen Leroy Pankratz, the appellant, was convicted in the District Court of Comanche County of the offense of Unlawful Delivery of Marijuana After Former Conviction of Felony, and was sentenced to ten (10) years' imprisonment. At the urging of the parties, a single stage proceeding was held at which both the principal charge and the former conviction were tried.

Evidence at trial revealed that on at least five or six occasions in January of 1980, the appellant was approached by a police informant, Green, who was seeking to purchase five pounds of marijuana. A transaction was arranged in which Green gave the appellant $1,400 in marked bills to be paid to another drug dealer for the purchase of four pounds of the marijuana. Unknown to Green, the actual price of the marijuana was $1,200, and the appellant pocketed the remaining $200.

One of the investigating officers testified that the appellant had the $200 in marked money on his person at the time of his arrest, although the appellant contended that he had used $160 of the proceeds he had kept to purchase from Green a quantity of the marijuana.

The appellant first contends the trial court erred in denying a motion for a continuance after his original counsel, who had represented him and his co-defendant since March 1980, was allowed to withdraw on November 5, 1980. According to the appellant's motion, substitute counsel was arranged on November 13, 1980, five days before trial.

A motion for continuance is addressed to the sound discretion of the trial court, whose determination will not be disturbed unless arbitrary and capricious. *Roberts v. State,* 634 P.2d 729 (Okl.Cr.1981). The appellant does not indicate how he was prejudiced by the denial of the motion. See *Hay v. State,* 447 P.2d 447 (Okl.Cr.1968); *United States v. Eaton,* 485 F.2d 102 (10th Cir.1973); and *Briscoe v. State,* 28 Okl.Cr. 306, 230 P. 520 (Okl.Cr.1924). We are thus

unable to find that the trial court abused his discretion.

The appellant next contends that the trial court erred in permitting the State to introduce into evidence at trial the transcript of informant Green's testimony at preliminary hearing. He argues that the State failed to show that the witness was unavailable at the time of trial. The district attorney's office learned two weeks before trial that Green had been transferred by the United States Army to Germany. The prosecutor caused a subpoena to issue, though aware that it was a futile gesture.

The appellant suggests no procedure whereby the witness's presence at trial could have been procured by the State. Compare *United States v. Edwards*, 469 F.2d 1362 (5th Cir.1972), where the federal district court was shown to have the power to subpoena a soldier-witness stationed in Germany. See also *Mancusi v. Stubbs*, 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972). We therefore find no abuse of discretion by the trial court in this regard.

The appellant's third assignment of error is that the prosecutor engaged in improper cross-examination. He cites two such instances, the first of which involved an attempt to elicit testimony from the appellant that either he or the State's witnesses, must be lying. This questioning was an effort to impeach the appellant's testimony, and, though not a model technique, we find no error. See *Ross v. State*, 588 P.2d 1269 (Okl.Cr.1978). Moreover, the defense failed to object at trial. See *Gaines v. State*, 568 P.2d 1290 (Okl.Cr.1977).

The second such instance involved the following inquiry:

How many crimes are you going to have to commit before you learn that when you violate the law you stand the possibility of punishment?

Appellant testified on cross-examination that he knew that the delivery of marijuana to Green was unlawful, yet he did it anyway, believing that he would not get caught. This contrasted with earlier testimony on cross-examination that he had

"learned [his] lesson" some seven years earlier when convicted of Arson in the Third Degree and given a three-year suspended sentence.

The appellant's contention is that the remark assumed he committed the crime charged, thus invading the province of the jury. Although we sharply disapprove of the question complained of, in light of the appellant's earlier testimony on cross-examination, we find that he was not prejudiced on the ground urged.

The appellant's fourth assignment of error is that the trial court coerced a verdict after the jury, deadlocked 11–1, returned to the courtroom and requested that a question of one of the jurors be answered. The trial court's response, which is now complained of, was:

THE COURT: The instructions are clear, just clear, and it's obvious to me from the questions that they are either not being understood or someone is not reading them. It's so simple. So that—I can only say I can't answer it any further than that.

The judge's remarks are easily distinguished from those coercive charges condemned in the cases cited by the appellant: *Spomer v. State*, 395 P.2d 657 (Okl.Cr.1964); *Baker v. State*, 432 P.2d 935 (Okl.Cr.1967); and *Sowle v. State*, 424 P.2d 993 (Okl.Cr. 1967). Moreover, defendant made no timely objection in the trial court. See *Gaines v. State*, supra.

The appellant's final contention is that the evidence was insufficient in that the State failed to prove beyond a reasonable doubt that the appellant was not entrapped. See *McInturff v. State*, 554 P.2d 837 (Okl.Cr.1976). He argues he was not predisposed to commit the offense, and would not have done so but for the urgings of the police informant.

Two of the recognized methods by which the State may show predisposition of the accused are proof of an existing course of similar conduct by the accused, and proof of the accused's willingness to commit the offense as shown by his ready compliance.

See *United States v. Becker*, 62 F.2d 1007 (2d Cir.1933); *Cazares-Ramirez v. United States*, 406 F.2d 228 (5th Cir.1969), cert. den. 397 U.S. 926, 90 S.Ct. 933, 25 L.Ed.2d 106; and *United States v. Myers*, 527 F.Supp. 1206 (E.D.N.Y.1981). In the instant case, police informant Green testified that he had known the appellant approximately six months, and that the appellant had previously sold him drugs on the Army base where Green was stationed. The appellant denied ever selling drugs prior to the occasion in question, and testified that it was Green who had attempted on prior occasions to sell such substances to him.

The appellant testified that he had repeatedly told Green that he was not interested in helping Green acquire marijuana. He stated that on the day of the sale, a man happened to call him with drugs for sale, and he relayed the information to Green when Green called later that day. On the other hand, Green testified that his repeated contacts with the appellant were due to the appellant's inability to locate a supplier with the quantity of drugs desired. The appellant urged Green to hold on, stating that he would probably be able to find a supplier. It is manifest that the evidence as to predisposition was conflicting, and, under such circumstances, this Court will not disturb the verdict of the jury. See *Disheroon v. State*, 514 P.2d 685 (Okl.Cr. 1973).

The judgment and sentence is AFFIRMED.

BRETT, J., concurs.

BUSSEY, P.J., concurs in results.