2004 OK CR 30

**Pete COFFEY, Jr., Appellant**

v.

**STATE of Oklahoma, Appellee.**

**No. F–2003–989.**

Court of Criminal Appeals of Oklahoma.

Sept. 23, 2004.

A. Brad Cox, Lawton, OK, Attorney for Defendant at trial.

Eddie Valdez, Assistant District Attorney, Lawton, OK, Attorney for State at trial.

Lee Ann Jones Peters, Appellate Defense Counsel, Norman, OK, Attorney for Petitioner on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Ann K. Hadrava, Assistant Attorney General, Oklahoma City, OK, Attorneys for Respondent on appeal.

## SUMMARY OPINION

CHAPEL, Judge:

¶1 Pete Coffey, Jr., was tried by jury and convicted of Manufacture of a Controlled Dangerous Substance (Methamphetamine) in violation of 63 O.S.Supp.2002, § 2–401, in the District Court of Comanche County, Case No. CF–2002–533. In accordance with the jury's recommendation the Honorable David B. Lewis, District Judge, sentenced Coffey to ten (10) years imprisonment and a $50,000 fine. Coffey appeals from this conviction and sentence.

¶2 Coffey raises four propositions of error in support of his appeal:

I. Because the forcible and warrantless entry into the home violated the Fourth Amendment, the evidence found inside was illegally obtained and should have been suppressed;

II. Deputy Pyeatt's expert opinion on the ultimate issue invaded the province of the jury and deprived Coffey of a fair trial;

III. Introducing (1) a letter from the Oklahoma Tax Commission offering amnesty, (2) an advertisement from a casino, and (3) addresses of inmates in prison for attempting to manufacture methamphetamine to prove dominion and control was improper and so tainted the trial with unfairness that Coffey's right to due process was violated; and

IV. It was improper to ask Coffey if another witness had lied when he gave testimony contradictory of Coffey's testimony.

¶3 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and briefs, we find that neither reversal nor modification is required by the law and evidence. We find in Proposition II that Deputy Pyeatt properly expressed an opinion on the ultimate issue which aided the jury, without telling the jury which conclusion to reach.[1]

---

1. 12 O.S.2001, § 2704; *Johnson v. State,* 2004 OK CR 25, ¶16, 95 P.3d 1099; *Romano v. State,* 1995 OK CR 74, 909 P.2d 92, 110, *cert. denied,* 519 U.S. 855, 117 S.Ct. 151, 136 L.Ed.2d 96 (1996). Any prejudice to Coffey did not substantially outweigh the testimony's probative value. 12 O.S.2001, § 2703; *Gabus v. Harvey,* 1984 OK 4, 678 P.2d 253, 256.

We find in Proposition III that the error in admitting irrelevant evidence of dominion and control does not require relief.[2] We find in Proposition IV that the prosecutor did not err in questioning Coffey after he volunteered the statement that an officer was either mistaken or lied on the stand.[3]

¶4 We discuss Proposition I more fully. The search warrant for Coffey's house, which generated the evidence against him, was based on what Officer Maldonado saw during his earlier warrantless entry into the house. Coffey argues that this entry violated his right against illegal search and seizure. Officers testified that they felt compelled to clear the house based on the combination of (a) an anonymous tip reporting a possible body in a carpet; (b) the noise they believed they heard inside the house after Coffey and other people joined officers outside; and (c) the strong odor of ether, a highly dangerous and explosive chemical used in methamphetamine

manufacture. Rather than address these circumstances in combination, Coffey focuses on the anonymous tip. He claims that this does not constitute probable cause to search, and the warrantless entry did not fit into any exigent circumstance. However, the evidence showed officers only decided to clear the house after Maldonado confirmed that the chemical odor was ether, in a concentration which appeared to constitute a danger to public safety, and it was possible that someone remained in the house.

¶5 The search issue raises a question of first impression. This Court has not considered whether warrantless entry based on likelihood of a clandestine methamphetamine lab constitutes a public safety hazard rising to an exigent circumstance. Several other jurisdictions, including the Tenth Circuit, have found that it does.[4] This decision

---

2. 20 O.S.2001, § 3001.1; 12 O.S.2001, § 2703. The record does not show that the letter from the Oklahoma Tax Commission, while inadmissible as evidence of other crimes, was so prejudicial as to affect the jury's verdict. *Burks v. State,* 1979 OK CR 10, 594 P.2d 771, 772, *overruled in part on other grounds Jones v. State,* 1989 OK CR 7, 772 P.2d 922. The paper with names of convicted methamphetamine manufacturers was irrelevant to dominion and control, and suggested only Coffey's propensity to commit the charged crime by association with other bad actors. However, Coffey has not shown prejudice from this error. His whole defense was based on his story that he knew people who used and manufactured methamphetamine. He admitted knowing persons who manufactured methamphetamine, admitted he used to do so himself, and admitted smoking methamphetamine with his friends just before the search. In this context, we cannot say this irrelevant (to dominion and control) and improper (character) evidence improperly influenced the jury.

3. *Stemple v. State,* 2000 OK CR 4, 994 P.2d 61, 71, *cert. denied,* 531 U.S. 905, 121 S.Ct. 247, 148 L.Ed.2d 178; *Pankratz v. State,* 1983 OK CR 62, 663 P.2d 26, 28.

4. *United States v. Rhiger,* 315 F.3d 1283, 1288 (10th Cir.2003); *United States v. Walsh,* 299 F.3d 729, 734 (8th Cir.2002); *United States v. Wilson,* 865 F.2d 215, 217 (9th Cir.1989); *United States v. Clark,* 617 F.Supp. 693, 697 (E.D.Pa.1985), *aff'd,* 791 F.2d 922 (3d Cir.1986); *United States v. Callabrass,* 607 F.2d 559, 564 (2nd Cir.1979); *State v. Rowland,* 73 S.W.3d 818, 823 (Mo.App. S.D.2002); *VanWinkle v. State,* 764 N.E.2d 258, 266 (Ind.App.2002); *State v. Fee,* 135 Idaho 857,

26 P.3d 40, 44 (Idaho App.2001); *State v. Chapman,* 107 Or.App. 325, 813 P.2d 557, 560–61 (1991); *State v. Calloway,* 111 N.M. 47, 801 P.2d 117, 119–20 (N.M.App.1990), *cert. denied, Calloway v. State,* 111 N.M. 77, 801 P.2d 659 (N.M. 1990); *State v. Downey,* 53 Wash.App. 543, 768 P.2d 502, 503 (1989). *See also United States v. Spinelli,* 848 F.2d 26, 30 (2nd Cir.1988) (exigent circumstances included combination of defendant's known violent nature, probability defendant was armed, volatile nature of chemicals used in methamphetamine, and likelihood of explosion); *Buchanan v. State,* 129 S.W.3d 767, 774 n. 3 (Tex.App.-Amarillo 2004) (odor and danger posed by methamphetamine lab would constitute exigent circumstance) [unpublished cases from other Texas appellate districts tend to use this reasoning]; *People v. Duncan,* 42 Cal.3d 91, 227 Cal.Rptr. 654, 720 P.2d 2, 9 (1986) (odor of ether and suspected methamphetamine lab may justify warrantless entry on case-by-case basis) [subsequent California lower appellate court cases tend to hold that an odor of ether and potential presence of a methamphetamine lab constitute a public safety exigent circumstance]. Unpublished state court cases include *Mercer v. Commonwealth,* 2004 WL 1367462 (Ky.App. June 18, 2004) (not for publication); *People v. Haycraft,* 349 Ill.App.3d 416, 285 Ill.Dec. 260, 811 N.E.2d 747 (2004) (not for publication); *State v. Ibarra,* 74 P.3d 594 (Table), 2003 WL 21981945 (Kan.App. August 15, 2003); *Fulmer v. State,* 2003 WL 22245944 (Ark.App. Oct.1, 2003). While these have no precedential value, they do give an idea of the widespread trend in other states. *But see People v. Gott,* 346 Ill.App.3d 236, 281 Ill.Dec. 279, 803 N.E.2d 900, 907–08 (2004) (odor of ether and suspicion of methamphetamine lab not enough for public safety exigent

is justified by the extremely volatile and explosive nature of the chemicals used in manufacturing methamphetamine. These, when found in the unsterile and haphazard settings usually associated with clandestine laboratories, have long been proved to constitute both an immediate health hazard to bystanders and a menace to public safety. The Tenth Circuit set out a test for establishing this public safety exigent circumstance: (a) officers must have reasonable grounds to believe there is immediate need to protect their lives or property, or that of others, (b) officers cannot search in order to make an arrest and seize evidence, and (c) there must be some reasonable basis, approaching probable cause, to associate an emergency with the area or place to be searched.[5]

 ¶ 6 This Court now adopts both this public safety exigent circumstance exception and this test. As the Supreme Court has noted, a warrantless entry may be justified by the immediate need to protect or preserve life or avoid serious injury.[6] It is true that ether, and other chemicals used in the manufacture of methamphetamine, are legal. However, they are also dangerous. This Court holds that a public safety exigent circumstance exception to the warrant requirement exists where evidence shows (a) an odor indicating the presence of an apparently dangerous concentration of ether or another chemical commonly used in the manufacture of methamphetamine; (b) that the reporting officers were aware of the volatile and explosive nature of the chemicals and the potential danger to the public; and (c) the possibility that persons in the area might be in danger from the chemicals. Under those circumstances, a brief entry into the property, to confirm the presence of the dangerous items and the absence of any persons, will not violate a defendant's right against a warrantless search. Of course, after making these initial determinations and removing anyone in danger, officers should retreat and secure a warrant.

██ ¶ 7 The facts of this case fit within the public safety exigent circumstance exception. An experienced officer, familiar with the volatile and explosive qualities of ether, smelled a strong odor of ether from Coffey's house. There was some possibility that a person was inside the house, in danger from the chemicals. Having this reasonable basis to associate an emergency with Coffey's house, officers briefly entered. They stayed long enough to look in every room and establish that the house was empty. Afterwards, they closed the house and got a search warrant. The initial warrantless entry was justified by exigent circumstances. The trial court did not err in refusing to suppress the evidence.

### Decision

¶ 8 The Judgment and Sentence of the District Court is **AFFIRMED.**

JOHNSON, V.P.J., LILE, J., LUMPKIN, P.J. and STRUBHAR, J.: concur.

circumstance without evidence that officer was aware of dangerous nature of chemicals); *Ballard v. State*, 104 S.W.3d 372, 383 (Tex.App.Beaumont 2003) (refusing to carve out a blanket "methamphetamine lab" public safety exception to knock-and-announce rule without evidence officers were aware of dangers in particular case); *People v. Winpigler*, 8 P.3d 439, 446 (Colo.1999) (no public safety exigent circumstance where officers testified chemicals were volatile and would be dangerous if mixed or dumped, without evidence suggesting that activity might occur); *United States v. Jackson*, 199 F.Supp.2nd 1081, 1090 (D.Kan.2002) (odor of anhydrous ammonia and suspicion of laboratory do not constitute exigent circumstances without evidence of volatile nature of chemicals, danger of explosion, or danger of immediate physical harm to bystanders).

5. *Rhiger*, 315 F.3d at 1288.

6. *United States v. Ramirez*, 523 U.S. 65, 71, 118 S.Ct. 992, 997, 140 L.Ed.2d 191 (1998); *Mincey v. Arizona*, 437 U.S. 385, 392, 98 S.Ct. 2408, 2413, 57 L.Ed.2d 290 (1978); *Warden v. Hayden*, 387 U.S. 294, 298–99, 87 S.Ct. 1642, 1647, 18 L.Ed.2d 782 (1967).