FILED
United States Court of Appeals
Tenth Circuit

December 13, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

CLARENCE LEE DAVIS,

        Defendant - Appellant.

No. 07-5128
(N.D. Oklahoma)
(D.C. Nos. 06-CV-472-JHP-PJC and
04-CR-85-JHP)

---

**ORDER**

---

Before **KELLY**, **ANDERSON**, and **MURPHY**, Circuit Judges.

---

        Defendant and appellant Clarence Lee Davis, a prisoner appearing *pro se*,
has applied for a certificate of appealability ("COA") to pursue arguments in
support of his motion to vacate his sentence under 28 U.S.C. § 2255. The district
court denied his motion and refused to grant Davis a COA. It did, however, grant
Davis the right to proceed *in forma pauperis* on appeal. Davis accordingly seeks
a COA from this court. We deny his application for a COA and dismiss this
appeal.

## BACKGROUND

Davis was convicted by a jury of, *inter alia*, conspiracy to commit and aiding and abetting an armed bank robbery, for which he was sentenced to 360 months' imprisonment, five years of supervised release, and ordered to pay restitution. On appeal, this court affirmed both the conviction and sentence. United States v. Davis, 437 F.3d 989 (10th Cir.), cert. denied, 547 U.S. 1122 (2006). The Supreme Court denied certiorari. Davis v. United States, 547 U.S. 1122 (2006).

In his application for a COA, Davis asserts that he received ineffective assistance of both trial and appellate counsel, that "mandatory language" in the United States Sentencing Commission, Guidelines Manual, violated his constitutional rights, that prosecutorial misconduct deprived him of due process, and that he should not have been sentenced as a career criminal. Without granting an evidentiary hearing, the district court denied the § 2255 petition on the merits, including finding some issues were procedurally barred, and denied a COA.

## DISCUSSION

Issuance of a COA is jurisdictional. Miller-El v. McDaniel, 537 U.S. 322, 336 (2003). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must establish that "reasonable jurists could debate

-2-

whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). If the district court denied the "habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the prisoner must, in order to obtain a COA, demonstrate "that jurists of reason could find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Furthermore, as the district court explained, a section 2255 petition is not a substitute for an appeal. Thus, "failure to raise an issue either at trial or on direct appeal imposes a procedural bar to habeas review." United States v. Cervini, 379 F.3d 987, 990 (10th Cir. 2004) (quoting United States v. Barajas-Diaz, 313 F.3d 1242, 1245 (10th Cir. 2002)). We review the district court's factual findings for clear error and its legal conclusions de novo. English v. Cody, 241 F.3d 1279, 1282 (10th Cir. 2001).

We note at the outset that much of Davis's challenge to his sentence was addressed on direct appeal, and therefore barred, as are any other arguments which could have been, but were not, raised. To the extent that Davis seeks to escape these procedural bars by claiming ineffective assistance of counsel, we

-3-

agree with the district court's well-reasoned order dated June 14, 2007, which addresses and rejects each of the arguments advanced by Davis in his petition.

Having independently reviewed the record and carefully considered Davis's brief, and applying the standards set forth above, we DENY Davis's request for a COA and DISMISS this appeal.

ENTERED FOR THE COURT

Elisabeth A. Shumaker, Clerk

-4-