**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 6, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

CLARENCE LEE DAVIS,

      Defendant-Appellant.

No. 13-5035
(D.C. No. 4:04-CR-00085-JHP-2)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

Clarence Lee Davis, a federal prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's decision construing his

Fed. R. 60(b) motion as an unauthorized second or successive § 2255 motion and

dismissing it for lack of jurisdiction. We deny a COA and dismiss the matter.

Mr. Davis was convicted of conspiracy to commit armed bank robbery; aiding

and abetting an attempted armed bank robbery; brandishing, carrying, and possessing

a firearm in furtherance of a crime of violence; and being a felon in possession of a

firearm. He was sentenced to 360 months' imprisonment. We affirmed his

---

[*]     This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

convictions and sentence on direct appeal. *See United States v. Davis*, 437 F.3d 989, 991 (10th Cir. 2006). Mr. Davis filed a § 2255 motion in 2006. The district court denied the motion, and we denied Mr. Davis's request for a COA. *See United States v. Davis*, 259 F. App'x 88, 88 (10th Cir. 2007).

In October 2012, Mr. Davis filed a motion seeking relief under Fed. R. Civ. P. 60(b)(4) and (b)(6). The district court concluded that the 60(b) motion constituted an attempt to file a second-or-successive § 2255 motion without prior authorization and dismissed the motion for lack of jurisdiction. Mr. Davis now seeks a COA to appeal from that decision.

To obtain a COA, Mr. Davis must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A prisoner may not file a second-or-successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id*. § 2255(h). Absent such authorization, a district court lacks jurisdiction to address the merits of a second-or-successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

A 60(b) motion should be treated as a second-or-successive § 2255 motion "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). A 60(b) motion may not be treated as a successive § 2255 motion if

- 2 -

it "challenges a defect in the integrity of the federal habeas proceeding," as long as "such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior [§ 2255 motion]." *Id*. at 1216.

In his 60(b) motion, Mr. Davis did not raise a claim about a defect in his federal habeas proceeding as required by *Spitznas*. Instead, Mr. Davis raised claims about procedural defects in the identification process that occurred before trial, counsel's ineffectiveness for not objecting during trial to evidence resulting from the faulty identification process, and the district court's failure to conduct an evidentiary hearing on the issue when testimony suggested the identification process was flawed. *See* R. Vol. 1 at 20-22; *see also* Aplt. Op. Br. at 2. Mr. Davis argued that, if a hearing had been held, the court would have suppressed the unconstitutional identification evidence and there would have been no probable cause to arrest him. R. Vol. 1 at 30.

The district court properly recognized that Mr. Davis's new arguments constitute second-or-successive claims because they assert a basis for relief from his underlying conviction. Reasonable jurists could not debate that the district court was correct in its procedural ruling to treat Mr. Davis's 60(b) motion as an unauthorized second-or-successive § 2255 motion. Accordingly, we deny a COA and dismiss this matter.

We grant Mr. Davis's motion for leave to proceed on appeal without prepayment of costs and fees.

Entered for the Court

Elisabeth A. Shumaker

ELISABETH A. SHUMAKER, Clerk