FILED
United States Court of Appeals
Tenth Circuit

October 3, 2024

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CLARENCE LEE DAVIS,

    Defendant - Appellant.

No. 23-5123
(D.C. No. 4:04-CR-00085-CVE-2)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **KELLY**, and **EID**, Circuit Judges.
_____

Clarence Lee Davis appeals the district court's order denying his motion for compassionate release.[1]  *See* 18 U.S.C. § 3582(c)(1)(A)(i).  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Davis represents himself, so we construe his filings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I. BACKGROUND

### A. *Compassionate Release*

The compassionate-release provision creates an exception to the general rule prohibiting courts from modifying a prison term after it has been imposed. *See United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021). A district court may grant compassionate release if it finds that (1) "extraordinary and compelling reasons" warrant the reduction; (2) the "reduction is consistent with applicable policy statements" from the Sentencing Commission; and (3) a reduction is warranted based on the relevant sentencing factors listed in 18 U.S.C. § 3553(a). §§ 3582(c)(1)(A)(i) & (c)(2); *see also United States v. Hald*, 8 F.4th 932, 937–38 (10th Cir. 2021).

The defendant has the burden to show he is entitled to relief. *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022) (placing the burden to show entitlement to compassionate release under § 3582(c)(1) on the defendant); *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024) ("A movant for compassionate release bears the burden of showing why the § 3553(a) factors justify a modified sentence."). Because a district court may deny a compassionate-release motion if it finds against the defendant on any one of the three factors, it need not address all of them before denying the motion. *See Maumau*, 993 F.3d at 831 n.4.

A defendant cannot use a motion for compassionate release to raise claims governed by 28 U.S.C. § 2255. *United States v. Wesley*, 60 F.4th 1277, 1289 (10th Cir. 2023). Section 2255 is the proper mechanism for a federal prisoner to collaterally attack the validity of a conviction or sentence. *See Sandusky v. Goetz*,

2

944 F.3d 1240, 1246 (10th Cir. 2019).  When faced with a compassionate-release motion that contains a claim governed by § 2255, a district court should treat the motion as if it had been brought under § 2255.  *Wesley*, 60 F.4th at 1288.

There are restrictions on § 2255 claims that do not apply to motions for compassionate release.  *See id.* at 1281-82.  One of those restrictions matters in this case:  Once a prisoner has filed one § 2255 motion, a district court lacks jurisdiction over the merits of any subsequent § 2255 claim from the prisoner unless the appropriate court of appeals has authorized the claim to be filed.  *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

## B.  *Procedural History*

In 2004, a jury found Mr. Davis guilty of four felony offenses: attempted armed bank robbery (attempted Hobbs Act robbery) and aiding and abetting; conspiracy to commit armed bank robbery; using a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  His sentence totaled 360 months.  As pertinent here, in determining the applicable sentencing range, the district court applied two sentencing enhancements:  one because it found he was a career offender based on his prior state convictions for drug distribution and assault on a peace officer, and another because he committed the instant crimes less than two years after being released from custody and was still on parole.

After we affirmed his conviction and sentence, *United States v. Davis*, 437 F.3d 989, 991 (10th Cir. 2006), Mr. Davis unsuccessfully sought relief pursuant

to 28 U.S.C. § 2255, *United States v. Davis*, 259 F. App'x 88, 89 (10th Cir. 2007) (denying certificate of appealability to appeal district court's order denying Mr. Davis's first § 2255 motion).  Since then, he has filed several more § 2255 motions in district court and motions in this court seeking authorization to file successive § 2255 motions.  Many of those filings challenged or sought to challenge the basis for the sentencing enhancements and the validity of his § 924(c) and § 922(g)(1) convictions.[2]  Most recently, we denied his request for  authorization to file a successive § 2255 motion under *United States v. Taylor*, 596 U.S. 845 (2022), and then denied him a certificate of appealability to appeal the district court's dismissal of his § 2255 motion based on *Taylor*.  *See In re Davis*, No. 23-5028, Order at 5 (10th Cir. Mar. 27, 2023); *United States v. Davis*, No. 23-5063, 2023 WL 5607455 (10th Cir. Aug. 30, 2023) (unpublished).

In his compassionate-release motion, Mr. Davis argued early release was warranted because:  (1) his § 924(c) and § 922(g)(1) convictions are invalid under *Taylor* and *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022); (2) changes to the law and sentencing guidelines mean he received a longer sentence than he would today; (3) he is at greater risk of contracting the COVID-19 virus based on his underlying health concerns; and (4) he is no longer a danger to the

---

[2] We elect to take judicial notice of these proceedings.  *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) ("Although we are not obliged to do so, we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.").

community and said he wants to rejoin his family.  He also commented that his sentence is disproportionate to his codefendant's sentence for similar crimes, but he did not develop an argument on that point.

The district court concluded it lacked jurisdiction to consider Mr. Davis's first argument because it is an unauthorized second or successive § 2255 claim.  It then denied the compassionate-release motion, finding his remaining arguments did not show extraordinary and compelling circumstances warranting a reduction.  Mr. Davis appeals that ruling.[3]  It did not address his comment about the disparity between his and his codefendant's sentence.

## II. **DISCUSSION**

District courts are "entrusted with wide sentencing discretion" which "carries forward to later proceedings that may modify an original sentence." *Concepcion v. United States*, 597 U.S. 481, 490–91 (2022).  That discretion includes a court's authority to determine for itself what constitutes extraordinary and compelling reasons in each case.  *See Maumau*, 993 F.3d at 834.  We review the district court's decision for an abuse of discretion.  *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).  A district court abuses its discretion when it relies on an

---

[3] The district court observed that, having denied Mr. Davis's motion at step one of the three-part compassionate-release test, it did not need to address the other two factors.  It nevertheless noted "the serious nature of the offense conduct and [Mr. Davis's] extensive and varied criminal history," and found that "[t]hese factors, taken together, justify the sentence imposed after consideration of the" relevant sentencing factors.  R. vol. 1 at 339.  We do not address this aspect of the district court's ruling because we affirm its determination that Mr. Davis did not satisfy the first factor.

incorrect legal conclusion or a clearly erroneous factual finding. *Id.* at 1031. We find no abuse of discretion here.

Mr. Davis does not dispute that his first argument, which challenged the validity of his § 924(c) and § 922(g)(1) convictions under *Taylor* and *Bruen*, is an unauthorized second or successive § 2255 claim. *See* 28 U.S.C. § 2255(h). The district court correctly concluded it lacked jurisdiction to consider the claim and that it was not a basis for granting compassionate release. *See Wesley*, 60 F.4th at 1289.

For his second argument, Mr. Davis claimed a reduction was warranted under newly-adopted U.S.S.G. § 1B1.13(b)(6), which provides that a court may find extraordinary and compelling reasons for a sentence reduction when the defendant has served at least 10 years of an "unusually long sentence" and a change in the law (other than a nonretroactive amendment to the sentencing guidelines) "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." In support, he cited two changes to the law that he claimed would result in a shorter sentence if he were sentenced today.

First, he argued that based on changes to the law regarding career-offender sentencing, his prior convictions no longer qualify as the necessary predicate under U.S.S.G. § 4B1.1, so he would not receive a career-offender enhancement today. The district court agreed that his assault and battery conviction no longer constitutes a crime of violence.[4] But it rejected his argument that his two drug convictions did not

---

[4] *See United States v. Mason*, 709 F. App'x 898, 906 (10th Cir. 2017) (holding that under the modified categorical approach, the Oklahoma offense of assault and

qualify because the statute of conviction criminalizes drugs that are not federally controlled. *See United States v. Jones*, 15 F.4th 1288, 1291-93, 1296 (10th Cir. 2021) (rejecting argument that U.S.S.G. § 4B1.2(b) refers only to federally controlled substances and holding that a violation of the Oklahoma statute constitutes a "controlled substance offense" under § 4B1.2(b)). Accordingly, the court concluded he "would remain a career offender if sentenced today, and would face the same guideline range." R. vol. 1 at 336–37. This ruling is sound, and Mr. Davis makes no meaningful argument to the contrary.

Mr. Davis also argued that the recent elimination of U.S.S.G. § 4A1.1(d), which added two criminal history points if a defendant committed the instant offense while serving another sentence, would yield a shorter sentence if he were sentenced today. But the district court explained that the amendment was not yet in effect and that even if it were, it would not change his guidelines calculation, because he would still fall under the same criminal history category without those additional points. Again, although Mr. Davis reasserts the basis for his argument, he does not explain why the district court's conclusion is wrong.

Because Mr. Davis did not identify a change in the law that would result in a shorter sentence if he were sentenced today, the district court held that

---

battery on a police officer did not qualify as a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(i)'s elements clause); *United States v. McConnell*, 605 F.3d 822, 828 (10th Cir. 2010) (holding that "the nearly identical language" in § 924's definition of "violent felony" and the Guidelines' definition of a "crime of violence" "allows us to consider precedent involving one in construing the other").

U.S.S.G. § 1B1.13(b)(6) was inapplicable and did not warrant a compassionate-release reduction.[5]  We see no abuse of discretion in that ruling.

As for Mr. Davis's concern about contracting COVID-19, the district court recognized that his hypertension qualifies as a risk factor, but it noted he had already "contracted and recovered from COVID-19 without any complications," and his facility had no current outbreak and was following abatement protocols.  Mr. Davis does not dispute the court's findings, and we see no abuse of discretion in its determination that his fear of contracting the virus did not justify granting him a sentence reduction.  *See Hemmelgarn*, 15 F.4th at 1032 (finding no abuse of discretion in denial of motion for compassionate release based on fears of contracting COVID-19); *United States v. Wirichaga-Landavazo*, No. 23-4040, 2023 WL 7166173, at *2, 3-4 (10th Cir. Oct. 31, 2023) (unpublished) (affirming denial of compassionate-release motion based on fears of COVID-19 where defendant had refused vaccine and only a small number of inmates and staff at his facility were currently testing positive); *United States v. Mendoza-Contreras*, No. 22-5057, 2023 WL 2706808, at *1, 4 (10th Cir. Mar. 30, 2023) (unpublished) (affirming denial of compassionate-release motion based on fears of COVID-19 where defendant had

---

[5] The district court also noted that U.S.S.G. § 1B1.13(b)(6), did not become effective until November 1, 2023, so was not in effect when it ruled on Mr. Davis's motion.  *See* U.S. Sentencing Commission, Adopted Amendments (Effective November 1, 2023), https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023, at 1, 3 (last visited Sept. 30, 2024).

been vaccinated, and facility was complying with Bureau of Prisons' response plan and no COVID-19 positive inmates).[6]

Nor did the district court abuse its discretion in finding that Mr. Davis's rehabilitative efforts and desire to be with his family were not sufficiently extraordinary and compelling to warrant relief.  The court acknowledged his accomplishments and concerns about his family, but held they were insufficient to warrant a sentence reduction.  *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a sentence modification).  Mr. Davis complains that the district court did not consider this ground and his other compassionate-release arguments "as a whole," Aplt. Br. at 3, but given the court's conclusion that each of his other arguments lacked merit, we find no abuse of discretion in its failure to consider his combined arguments.

Finally, Mr. Davis takes issue with the court's failure to address whether a reduction is warranted based on the disparity between his and his codefendant's sentences for similar crimes.  The district court did not err by not addressing this issue because Mr. Davis did not develop an argument or expressly seek a sentence reduction on that basis—he noted that courts have discretion to consider disparities between codefendants' sentences for the same crimes but he did not explain why he believed it justified a reduction in his sentence.  *See* R. vol. 1 at 286.  In any event,

---

[6] We may consider those decisions for their persuasive value.  *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1(A).

on direct appeal, he challenged the reasonableness of his sentence based on the disparity between his sentence and that of his codefendant. *See Davis*, 437 F.3d at 996. We rejected his argument, explaining that "disparate sentences are allowed where the disparity is explicable by the facts on the record," and that the reason for his "lengthy sentence was his career offender status," and that without it, his guidelines range would have been "quite comparable" to his codefendant's. *Id.* at 997 (internal quotation marks omitted).

## III.  CONCLUSION

We affirm the district court's order. We grant Mr. Davis's motion for leave to proceed without prepayment of costs and fees. We deny his post-briefing motion requesting that we remand the matter to the district court for consideration of new compassionate-release arguments based on amendments to the Guidelines.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge